UNITED STATES of America, Plaintiff-Appellee,

v.

Gerardo Jorge GUEVARA a/k/a "Tino", Defendant-Appellant.

No. 86–5052
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Aug. 3, 1987.

Glen J. Koch, Koch and Palomino, Rene Palomino, Jr., Miami, Fla., for defendant-appellant.

Leon B. Kellner, U.S. Atty., David Leiwant, Linda Collins Hertz, William Xanttopoulos, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before HILL, KRAVITCH and HATCHETT, Circuit Judges.

HILL, Circuit Judge:

After a lengthy trial involving five defendants, appellant Gerardo Guevara was convicted on seven drug-related counts and sentenced to 30 years imprisonment and a $25,000 fine. He now argues that the district court erred in replacing a disabled juror with an alternate juror shortly after the jury had commenced its deliberations. Finding that this question is controlled by two previous decisions of this court, we affirm.

## BACKGROUND

Guevara was charged with four other defendants in a 30–count indictment, which included RICO, drug importation, mail fraud, and wire fraud charges. The evidence at trial showed that Guevara was a major marijuana importer and broker, who was intimately involved in all phases of a huge drug importation enterprise. All five defendants were tried together in an extended and complex jury trial which consumed eight weeks.

After the jury had deliberated for approximately one and one-half days, the court became aware that one of the jurors had been confined to bed by her physician for an indefinite period and was unable to continue. At that time, the court proposed to follow the procedure delineated in Fed. R.Crim.P. 23(b) and continue the deliberations with eleven jurors. Counsel for some defendants agreed to this suggestion, but counsel for Guevara specifically objected to the continuation of deliberations with eleven jurors. The court then questioned the jury foreman and found that a verdict had already been reached as to one defendant. The court cautioned the foreman not to continue deliberations until further notice.

After extended discussions between the trial judge and counsel for all five defendants, the parties agreed that the jury's verdict as to the one defendant which had been reached prior to the one juror's becoming disabled would be sealed, and that an alternate juror would be impaneled to continue deliberations as to the remaining defendants. After the trial judge questioned the alternate juror to make sure that he had not read or heard anything about the case in the media and had not made up his mind about the case, counsel for all defendants accepted the alternate. The court then individually polled all five defendants, specifically informing each of them that it was within the discretion of the court to proceed with eleven jurors. Notwithstanding this option, each defendant, including appellant, demanded that the alternate juror be impaneled. The trial judge further polled each of the remaining jurors individually, and all agreed that they could begin deliberations anew as to the remaining four defendants. The court then took each juror's verdict as to the one defendant for which a verdict has been reached, and also collected all notes made during prior deliberations.

At the request of Guevara's counsel, the court recharged the newly constituted jury. The jury then deliberated for more than four and one-half days before the foreman advised the court that the jury was deadlocked. On the motion of all defendants, the court ordered the jury to return whatever verdicts it had reached. The jury found Guevara guilty on seven counts and not guilty on six others. This appeal followed.

448

## DISCUSSION

Guevara argues that his conviction should be reversed because the procedure followed by the district court violated Fed. R.Crim.P. 23(b) and 24(c). Rule 23(b) allows that "if the court finds it necessary to excuse a juror for cause after the jury has retired to consider its verdict, in the discretion of the court a valid verdict may be returned by the remaining eleven jurors." Rule 24(c) provides in pertinent part:

> Alternate jurors in the order in which they are called shall replace jurors who, prior to the time the jury retires to consider its verdict, become or are found to be unable or disqualified to perform their duties.... An alternate juror who does not replace a regular juror shall be discharged after the jury retires to consider its verdict.

This court has twice considered the issue of whether the substitution of an alternate juror for a disabled regular juror after the jury had begun deliberating constitutes reversible error. *See United States v. Kopituk,* 690 F.2d 1289, 1306–11 (11th Cir.1982), *cert. denied,* 461 U.S. 928, 103 S.Ct. 3542, 77 L.Ed.2d 1391 (1983); *United States v. Phillips,* 664 F.2d 971, 990–96 (5th Cir. Unit B 1981), *cert. denied,* 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (1982). We have determined that the language of Rule 24(c) concerning the substitution of alternate jurors prior to the jury's retirement is not constitutionally mandated. *Phillips,* 664 F.2d at 992. Further, such a procedure constitutes reversible error only if the defendant is prejudiced by the substitution. *Kopituk,* 690 F.2d at 1308; *Phillips,* 664 F.2d at 993.

■ While we do not authorize routine deviation from the terms of Rule 24(c), we hold that this case fits within the narrow exception to that rule recognized in *Kopituk* and *Phillips.* The trial in this case was both long and complex; it lasted eight weeks and involved five defendants and a 30–count indictment. As in *Kopituk* and *Phillips,* the original jury had deliberated for only a short period before the court discovered that a juror was disabled. *Kopituk,* 690 F.2d at 1306 (original jury deliberated for less than one week); *Phillips,* 664 F.2d at 990 (original jury deliberated

for approximately two days). As in the two prior cases, the trial judge questioned the alternate juror as to whether he had discussed the case with anyone or had been exposed to any extrinsic information concerning the case. The judge also questioned each of the remaining jurors as to whether they would be able to begin their deliberations anew with respect to the remaining defendants, and he ordered that all notes and other materials compiled by the jurors during previous deliberations be confiscated. Finally, as in the prior cases, the judge recharged the jury after the new juror had been impaneled. *Kopituk,* 690 F.2d at 1307; *Phillips,* 664 F.2d at 990–91. In sum, the trial judge in this case meticulously followed the "extraordinary precautions" outlined in *Kopituk* and *Phillips,* thereby insuring that Guevara was not prejudiced by the substitution of the alternate juror.

■ Moreover, in the present case, the alternate juror was substituted only after Guevara's counsel objected to the district court's proposal to follow Rule 23(b) and continue the case with eleven jurors. All five defendants, including Guevara, expressly demanded that the alternate juror be impaneled. Where the defendant knowingly consents to the addition of an alternate juror, as was obviously the case here, he waives any challenge to that procedure on appeal. *See United States v. Josefik,* 753 F.2d 585, 588 (7th Cir.), *cert. denied,* 471 U.S. 1055, 105 S.Ct. 2117, 85 L.Ed.2d 481 (1985). A criminal defendant quite reasonably may prefer to have his fate decided by a jury of twelve rather than a smaller group of eleven. The additional juror is one more person whom the government must convince beyond a reasonable doubt of the defendant's guilt. Having voluntarily waived his rights under Rule 23(b), Guevara cannot now claim that the district court erred in following his requested procedure.

Accordingly, the judgment of the district court is

AFFIRMED.