UNITED STATES of America, Plaintiff–Appellee,

v.

Tersea Adela ASHBY, Defendant–Appellant.

No. 87–2469.

United States Court of Appeals, Tenth Circuit.

Dec. 29, 1988.

Frances Smylie Brown, Asst. Federal Public Defender (Michael Gordon Katz, Federal Public Defender, with her on the briefs), for defendant-appellant.

Mark D. Jarmie, Asst. U.S. Atty., Albuquerque, N.M. (William L. Lutz, U.S. Atty., with him on the briefs), for plaintiff-appellee.

Before HOLLOWAY and BRORBY, Circuit Judges, and ANDERSON, Senior District Judge.[1]

ALDON J. ANDERSON, Senior District Judge.

## INTRODUCTION

Appellant Tresea Ashby appeals from a conviction of possession and aiding and abetting the possession of marijuana with intent to distribute. Her pretrial motion to suppress certain evidence was denied and she was convicted following a two-day jury trial.

## FACTUAL BACKGROUND

On April 3, 1987, an officer of the New Mexico State Police stopped a red Ford Thunderbird after noticing that neither of the occupants were wearing seat belts, in

---

1. The Honorable Aldon J. Anderson, Senior District Judge, United States District Court for the District of Utah, sitting by designation.

violation of New Mexico law. The officer found that the driver, a co-defendant in the instant case, did not have a valid driver's license in his possession. The officer also smelled the odor of burnt marijuana, and observed what he believed to be marijuana seeds or residue in the car's interior.

The officer testified that he and another officer received verbal permission to search the car and subsequently removed marijuana from an ashtray, the right rear floorboard and seat, and a cracker box found inside the car. The officer testified that the smell of raw marijuana emanated from the interior of the trunk. The driver and the appellant were then placed under arrest. The officers desired to inspect the contents of the trunk, but both the appellant and co-defendant claimed that they had no key to the trunk. When the car's trunk was later pried open, the police found plastic bags containing approximately sixty-eight pounds of marijuana. There was a six inch tear in one of the bags.

Appellant filed a pretrial motion to suppress any evidence arising out of the car's stop, claiming that the search and seizure was illegal. The district court found that the initial stop was legitimately made for seat belt violations, that the officer had detected the smell of burnt marijuana and that physical evidence of marijuana was in plain view in the car's interior. While the district court found that the appellant and co-defendant had not consented to the search of the car, the district court concluded that the smell of marijuana from the trunk was detectible and that there was probable cause to search the vehicle.

During the trial, the government introduced evidence that appellant had purchased the vehicle, a repair bill indicating that the co-defendant, Mr. Weathersby, had repaired the car about a month before the arrest, and physical evidence of the marijuana and marijuana-related items. Mr. Weathersby moved to compel handwriting exemplars for comparison against police radio logs covering the time period of the arrest, which was denied.

Immediately after the jury was sent to deliberate, the Government's attorney approached the bench and informed the court that another United States attorney, not related to the case, had inadvertently engaged in conversation with a juror earlier that morning. While riding in the elevator, the attorney had asked one of the jurors how he was enjoying jury duty, believing the juror to be involved in another case. The juror responded to the question by the attorney by stating that the case was "interesting and he's guilty." Record, vol. 3 at 232. The court immediately excused and replaced the juror and gave special instructions to the reconstituted jury.

## DISCUSSION

### 1. *The Motion to Suppress.*

Appellant's first claim of error is that her motion to suppress should have been granted. She does not challenge the initial stop of the car, but she claims that there was no probable cause to search the car.

■ "In reviewing a denial of a motion to suppress, the court's finding of fact must be accepted by this court unless clearly erroneous." *United States v. Lopez,* 777 F.2d 543, 548 (10th Cir.1985). Testimony regarding the ability of an experienced officer to recognize the smell of marijuana, the officer's view of marijuana in the car's interior, and the odor which sixty-eight pounds of partially unwrapped marijuana may emit, were sufficient to support the district court's ruling that probable cause existed for the search.

■ Once probable cause exists for a search, the police have authority to search the entire vehicle. *United States v. Loucks,* 806 F.2d 208, 209 (10th Cir.1986). Therefore, denial of appellant's motion to suppress was not clearly erroneous.

■ Appellant also claims error in the denial of the co-defendant's motion for a handwriting exemplar. She argues that (1) a handwriting analysis would have shown that the radio logs of the New Mexico State Police covering the time period and area of Mr. Weathersby's arrest were forged; and (2) this forgery evidence could

ultimately lead to proof that the highway stop was pretextual.

This motion was first filed in the afternoon of the day before the trial. The district court denied the motion as untimely and alleging insufficient facts to warrant an evidentiary hearing. During trial, Mr. Weathersby filed a supplemental motion to compel the exemplars. After defense counsel admitted that the motion was related to the earlier suppression hearing, the district court denied the motion.

Mr. Weathersby's conclusory statements regarding what the handwriting exemplars could possibly prove fall far short of demonstrating that the district court was clearly erroneous in denying the motion. *United States v. Lopez*, 777 F.2d at 548. Thus, neither the denial of the motion to suppress nor the related motion to compel justifies a remand for a new trial.

2. *The Admission of Hearsay Evidence.*

■ Appellant challenges the admission of certain documents found in the glove compartment of the car. She claims that the car title listing her as the owner, as well as a work order indicating that Mr. Weathersby had paid a large amount of money for the car's repair was inadmissible hearsay. The government claims that the work order was not admitted to show the truth of the matters asserted, but to circumstantially tie the co-defendant to the car. Appellant acknowledges in her argument to this court that the government used the car mileage and repairs contained in the work order to provide a factual basis to support an inference that the appellant and co-defendant were involved in drug running since they had put so many miles on the car in a small amount of time.[2] Opening Brief, at 12. Thus, appellant's own characterization of the use of the evidence supports the government's theory

that the work order was not used to prove the truth of the matters asserted. Further the car title was also used circumstantially to tie appellant to the car, not to prove that she was the owner. Since these documents were used to tie appellant to the car, they were not hearsay, *United States v. Canieso*, 470 F.2d 1224, 1232 (2nd Cir.1972), and were relevant for the purpose for which they were introduced. *See United States v. Neal*, 718 F.2d 1505, 1509–10 (10th Cir. 1983), *cert. denied* 469 U.S. 818, 105 S.Ct. 87, 83 L.Ed.2d 34 (1984).

The district court allowed the work order to be admitted under the theory of constructive possession. Documents in the possession of a defendant have sometimes been admitted as adoptive admissions under the hearsay rules. *United States v. Marino*, 658 F.2d 1120, 1125 (6th Cir.1981). However, because the work order was used as circumstantial evidence at trial, it is not encompassed by the hearsay rules and we need not reach that issue here. Thus, the court's admission of the work order did not constitute an abuse of discretion. *United States v. Cooper*, 733 F.2d 1360, 1366 (10th Cir.1984).

3. *The Jury Instructions.*

■ Appellant claims two errors in the district court's jury instructions. First, the district court gave a "deliberate ignorance" instruction relating to the appellant's assertion that she did not know marijuana was in the car. She claims that evidence did not support this instruction, since the evidence must be "sufficient to enable a jury to find beyond a reasonable doubt that … [appellant] either knew it or deliberately avoided acquiring positive knowledge." *United States v. Glick*, 710 F.2d 639, 642 (10th Cir.1983), *cert. denied,* 465 U.S. 1005, 104 S.Ct. 995, 79 L.Ed.2d 229 (1984). A deliberate ignorance instruction alerts the jury "that the act of avoidance of knowl-

---

**2.** Mr. Weathersby acknowledges that the government used the work order to show that he "had an interest in the car's trunk given that investment." John Weathersby's Brief–in–Chief at 26. He further acknowledges that the government used the car's mileage "and the date or repairs [to indicate] that [he] was associated

with the car for so long a time and had driven it so much that he must have looked in his trunk at some point." *Id.* Thus, Mr. Weathersby's characterization of the use of the evidence also supports the ruling that it was not hearsay, but was properly admitted to circumstantially tie him to the car.

edge of particular facts may itself circumstantially show that the avoidance was motivated by sufficient guilty knowledge to satisfy the ... 'knowing' element of the crime." *United States v. Manriquez Arbizo,* 833 F.2d 244, 248 (10th Cir.1987).

Appellant claims that she did not know the car's trunk was loaded with marijuana. Physical evidence of the sixty-eight pounds of marijuana and the smell which it emitted was available to the jury. This, combined with the appellant and co-defendant's failure to obtain a key to the car trunk, provided a reasonable rationale for believing any lack of knowledge was deliberate. Thus, the district court's decision to give a "deliberate ignorance" instruction was supported by sufficient evidence at trial and did not constitute an abuse of discretion.

■ Second, she claims that she was entitled to a limiting instruction to the jury regarding money found on Mr. Weathersby. During trial, the court properly gave a contemporaneous limiting instruction cautioning the jury that the money could only be considered as evidence against Mr. Weathersby. Given the circumstances, whether an additional jury instruction was necessary was within the discretion of the district court to decide. *See United States v. Dabish,* 708 F.2d 240, 243 (6th Cir.1983). We see no abuse of discretion in this instance.

### 4. *Conversation with a Juror.*

■ Appellant also contends that two reversible errors occurred as a result of the inadvertent conversation between an assistant United States Attorney, not on the case, and a juror who made a biased statement against the appellant. First, she argues that the district court abused its discretion by refusing to question all other jurors about any conversations they may have had with the juror. Second, she claims the brief presence of the biased juror during the beginning of jury deliberations entitles her to a mistrial.

"When a party's suggestion that a jury is biased is not frivolous, the district court ordinarily should undertake an adequate inquiry into the questions of whether the bias actually existed and whether it was prejudicial." *United States v. Ramsey,* 726 F.2d 601, 604 (10th Cir.1984), *cert. denied,* 474 U.S. 1082, 106 S.Ct. 851, 88 L.Ed. 2d 892 (1986). In so doing, a district court has considerable discretion in deciding whether jurors are able to perform their duties without prejudice or bias. *United States v. Barker,* 735 F.2d 1280, 1282–83 (11th Cir.), *cert. denied,* 469 U.S. 933, 105 S.Ct. 329, 83 L.Ed.2d 266 (1984).

In the instant case, the government attorney, immediately after the jury was sent to deliberate, informed the court that another Assistant United States Attorney, not involved in the case, had engaged two of the jurors in conversation on the elevator. Trial Transcript, Volume II at 231. Upon noting their juror buttons, he greeted them with a salutation about whether they were enjoying jury duty. *Id.* One juror replied that it was "interesting and he's guilty." *Id.* at 232. The other juror did not hear the conversation. *Id.* at 236. Once the court received this information, the jury deliberations were halted and the jury was brought back into the courtroom. *Id.* at 240. The approximate deliberation time was four minutes. *Id.* The trial court replaced the first juror with the alternate juror, but permitted the second juror to remain on the case. *Id.* at 236. Judge Burciaga then satisfied himself that the jury could start from the beginning of their deliberations as if they were being sent to deliberate for the first time. *Id.* He asked the jury if there was anyone who believed that their ability to be a fair and impartial juror had been compromised by the replaced juror's statements. *Id.* at 240. He then instructed the jury to give no weight to any comments or expressions of opinion that might have been expressed by the replaced juror. *Id.* at 242–43. Finally, the trial court conducted an individual *voir dire* of the jury, asking each member for his or her assurance that (s)he could be an impartial juror and begin deliberations as if the jury were leaving to deliberate for the first time. *Id.* at 242. Each member of the jury responded in the affirmative.

The trial court should be complimented for its even-handed and comprehensive effort to ensure the impartiality of the jury. The court took every reasonable precaution to afford the appellant a fair trial. *See United States v. Phillips,* 664 F.2d 971, 990–997 (5th Cir. Unit B 1981) *cert. denied* 459 U.S. 906, 103 S.Ct. 208, 74 L.Ed.2d 166 (1982) (trial court did not err, when possible jury bias became apparent, in substituting alternate juror after deliberations had begun, instructing jury to begin anew, and receiving individual assurances from each jury that they could in fact begin anew). We hold that the district court's inquiry and actions were both adequate and appropriate to the situation and provide no support for a reversal in this case.

### 5. Insufficiency of Evidence.

 Finally, appellant challenges the sufficiency of the evidence, claiming it was not enough to prove that she possessed marijuana with intent to distribute. However, the evidence showed that a car registered in her name, and in which she was traveling, not only contained evidence of marijuana in the passenger area but held sixty-eight pounds of marijuana in the trunk. Moreover, there was testimony that the presence of the drug in the car was detectible by its odor alone. Thus, "[t]he evidence—both direct and circumstantial, together with the reasonable inferences to be drawn therefrom, is sufficient, ... when taken in the light most favorable to the government, [to enable] a reasonable jury [to] find the defendant guilty beyond a reasonable doubt." *United States v. Hooks,* 780 F.2d 1526, 1531 (10th Cir.), *cert. denied* 475 U.S. 1128, 106 S.Ct. 1657, 90 L.Ed.2d 199 (1986).

### CONCLUSION

The trial court's denial of the motion to suppress and related motion to compel was not an abuse of discretion.

Since the work order and car title were used as circumstantial evidence at trial and not to prove the truth of the matters asserted, they are not hearsay. Therefore, the court's admission of the documents was not reversible error.

As to the claim that appellant was entitled to a limiting instruction to the jury regarding money found on the co-defendant, the contemporaneous limiting instruction given during trial that the money could only be considered as evidence against Mr. Weathersby was sufficient, and the failure to include a jury instruction on the matter was not an abuse of discretion.

As to the circumstance where a juror inadvertently discussed the case with an assistant United States Attorney, the district court's inquiry and actions were both adequate and appropriate to the situation and do not support a reversal.

Last, the evidence was sufficient to prove that the appellant possessed marijuana with intent to distribute. Consequently, none of the issues raised upon appeal warrant reversal and appellant's conviction is AFFIRMED.