**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 21, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

REGINALD T. BROWN,

Defendant - Appellant.

No. 13-1110
(D.C. No. 1:12-CR-00133-REB-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

Not far from Vail an officer stopped Reginald Brown's car. It had a broken

tail light and the officer wanted to write a ticket. But as he approached, the

officer was greeted with the "overwhelming" smell of burnt marijuana wafting

from the driver's open window. A brief detention and search followed, and the

search quickly turned up two guns, one with the serial number scratched off. As a

felon barred from possessing weapons like these, Mr. Brown eventually found

himself facing federal firearms charges. Before trial he sought to suppress any

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

evidence about the weapons, claiming his detention and search violated the Fourth Amendment. But the district court was unpersuaded and when it denied his motion to suppress Mr. Brown entered a conditional guilty plea. In that plea he reserved the right to appeal the suppression question, as indeed he now does.

Before us, Mr. Brown argues that he was detained too long before the search that guaranteed his arrest took place, that the officer should have let him go immediately after writing a ticket for the broken tail light, that any further delay violated his rights. The facts suggest that, in all, only about 22 minutes elapsed between the stop and the discovery of the guns. But even accepting that some portion of this period wasn't strictly necessary for processing the tail light violation, Mr. Brown still faces a problem. It's long since settled that a traffic stop may be lawfully extended beyond its original purpose consistent with the Fourth Amendment "if during the initial stop the detaining officer acquires reasonable suspicion of criminal activity, that is to say . . . a particularized and objective basis for suspecting the particular person stopped of criminal activity." *United States v. Clarkson*, 551 F.3d 1196, 1201 (10th Cir. 2009) (quotations omitted). And from the moment of his initial encounter with Mr. Brown, when he was "overwhelm[ed]" with the smell of burnt marijuana, the officer had just that: reasonable suspicion to extend the stop briefly in order to investigate the possibility Mr. Brown was driving under the influence. *See United States v. Nichols*, 374 F.3d 959, 964 (10th Cir. 2004) ("The scope of this stop was . . .

-2-

permissibly expanded when police smelled . . . marijuana in the vehicle."), *vacated on other grounds*, 543 U.S. 1113 (2005), *reinstated*, 410 F.3d 1186 (10th Cir. 2005); *United States v. Wilson*, 96 F. App'x 640, 644 (10th Cir. 2004) (detection of alcohol on driver's breath gives rise to reasonable suspicion).

Mr. Brown protests that he has a "medical marijuana" card. But that is no defense in Colorado or elsewhere to a charge of impaired driving. *See* Colo. Rev. Stat. Ann. §§ 42-4-1301(1); 25-1.5-106(12)(b)(VI). If Mr. Brown had stunk of alcohol rather than marijuana surely an officer wouldn't have been forced to let him go on his way just because he said he uses his whiskey for medicinal purposes. The Fourth Amendment's touchstone is reasonableness and it is reasonable to allow officers at least a short period of time to investigate the possibility of impaired driving, whatever the intoxicant, when the circumstances fairly suggest the possibility.

To this, Mr. Brown replies that the officer didn't believe he was intoxicated or prolong the detention with that possibility in mind. That much may be true, but the Fourth Amendment measures an officer's conduct against what is *objectively* reasonable, not by his *subjective* beliefs. *See, e.g.*, *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2082 (2011); *Brigham City v. Stuart*, 547 U.S. 398, 404-05 (2006); *United States v. Winder*, 557 F.3d 1129, 1134-35 (10th Cir. 2009). And as we've seen, an objectively reasonable officer could have detained Mr. Brown for a short period just as the officer here did. Put simply, the Fourth Amendment

-3-

entitles Mr. Brown to objectively reasonable officer conduct and in this case some modest additional detention was objectively reasonable — whatever this particular officer's reasons for it. *See, e.g.*, *United States v. Ozbirn*, 189 F.3d 1194, 1199-1200 (10th Cir. 1999); *United States v. Santos*, 403 F.3d 1120, 1125-34 (10th Cir. 2005); *United States v. Douglas*, 195 F. App'x 780, 784-86 (10th Cir. 2006).

Even if the duration of his detention was itself lawful, Mr. Brown suggests the search of his car wasn't. But the officer only searched the car after Mr. Brown volunteered that marijuana could be found inside and that "[I] get[] [my] trees wherever [I] can." Together with the smell of burnt marijuana, these comments (none of which Mr. Brown seeks to suppress) suggested pretty strongly that the car contained drugs. Mr. Brown's comments about the provenance of his drugs also suggested pretty strongly that they didn't come from a state sanctioned medical marijuana source, and at the time of the events at issue only licensed medical (not recreational) marijuana was allowed under Colorado law. *See, e.g.*, Colo. Rev. Stat. Ann. § 25-1.5-106(7)(c), (8)(f), (13). So it is that by the time the officer began his search he had probable cause to think the car contained contraband under the terms of then-prevailing Colorado (not to mention federal) law — and, with that, reason enough to search the vehicle consistent with the Fourth Amendment. *See United States v. Nielsen*, 9 F.3d 1487, 1491 (10th Cir. 1993) ("The smell of burnt marijuana" alone "would lead a person of ordinary

-4-

caution to believe the passenger compartment might contain marijuana."); *United States v. Ashby*, 864 F.2d 690, 692 (10th Cir. 1988); *United States v. Loucks*, 806 F.2d 208, 209-11 (10th Cir. 1986).

Affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge