UNITED STATES of America, Plaintiff,

v.

**James W. PULLEN, aka James W. Newman, Defendant.**

No. 95–40009–01–SAC.

United States District Court, D. Kansas.

March 13, 1995.

Steven D. Rosel, Charles D. Dedmon, David J. Phillips, Office of Fed. Public Defender, Topeka, KS, for defendant James W. Pullen, aka James W. Newman.

Richard L. Hathaway, Office of U.S. Atty. Topeka, KS, for U.S.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on the defendant's motion to suppress (Dk. 24). At the hearing held on the morning of March 13, 1995, the court heard counsels' oral argument and testimony from the defendant and Officer Jerry Stanley of the City of Topeka Police Department. The court has reviewed the parties' written memoranda and researched the legal issues raised therein. The court is ready to rule.

Count one of the indictment charges the defendant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Count two charges the defendant with knowingly receiving or storing a stolen firearm in violation of 18 U.S.C. § 922(j). By his motion, the defendant seeks to suppress the Taurus Model PT92 9mm semi-automatic handgun that is the subject of counts one and two of the indictment.

■ The court understands the defendant to argue that Officer Stanley lacked a reasonable suspicion to stop him. The defendant couches this argument on the fact that Officer Stanley, after seeing the open container in the red Ford Mustang, did not keep the car under continuous surveillance and, therefore, could not account for such possibilities as the open container being retrieved by another person or being thrown out before the contested stop. Alternatively, the defendant argues Officer Stanley's search of the car was not a proper warrantless search incident to arrest. The defendant couches this contention on the fact that Officer Stanley formally arrested him only after the search was conducted.

On the lawfulness of the stop, the court finds that Officer Stanley had not only a reasonable suspicion but also probable cause to believe that a crime was being committed when he stopped the red Mustang. The critical facts supporting this conclusion are as follows. On October 19, 1993, Officer Stanley responded to a disturbance call about a black male carrying a shotgun in the 700 block of Clay Street. Officer Stanley knew this was a high crime area and had worked prior calls of gunshots in this area.

Officer Stanley on his motorcycle patrolled the alley on the 700 block of Clay. He observed a red Ford Mustang parked in the alley near the residence at 712½ Clay. The Mustang was parked on the west side of the alley with its front end pointed north. As he drove by the Mustang, Officer Stanley saw what he believed was an open container of beer. The bottle was brown and was inside a small paper bag typically used by liquor stores. The paper bag also suggested that whoever had been drinking from the bottle wanted to hide the bottle's contents from

others. Officer Stanley estimated that the bottle held approximately 32 to 40 ounces. He further observed that the bottle looked as if it had been carefully placed on the driver's seat and leaned against the back rest so as to prevent spilling while the car occupant was away. From these facts, Officer Stanley reasonably inferred that this vehicle probably had been operated with an open cereal malt beverage container in violation of state law and that someone apparently intended to resume this illegal activity within a short time.

Consequently, Officer Stanley and another officer stationed themselves north and east of the parked Mustang. They could not see the Mustang or the residence at 712½ Clay from their position. They intended to wait for the Mustang to leave in the direction that it was pointed and then stop it for an open container violation. After approximately fifteen minutes of waiting, Officer Stanley returned to find the red Mustang gone. He circled the block and stopped his motorcycle at the south end of the alley on the 700 block of Clay. Seconds later, Officer Stanley saw the red Mustang driving south down the alley towards him. He then followed the Mustang as it turned onto Clay and in the 600 block of Clay he activated his red lights and siren.

■ At that point in time, no more than twenty to thirty minutes had passed since Officer Stanley had last seen what he believed was an open beer bottle in the red Mustang. Though a factor to consider in determining whether Officer Stanley had sufficient cause, this passage of time does not detract measurably from his reasonable suspicion or probable cause. There are numerous facts, which when considered as a whole, amount to a fair probability that an open beer bottle would be found in the red Mustang almost one-half hour later. First, the bottle was a large 32 to 40 ounce size. Second, the bottle appeared to have something in it when the officer last saw it. Third, a paper bag tightly covered the outside of the brown bottle. These facts alone are more than enough to create a reasonable suspicion and are sufficient by themselves to create a fair probability that the open cereal malt beverage bottle would still be in the car thirty minutes later. A reasonable suspicion

can exist even though the same circumstances do not rule out all possible explanations of innocent behavior. *See United States v. Kaplansky*, 42 F.3d 320, 327 (6th Cir.1994) ("[P]olice need not rule out every innocent explanation for suspicious behavior in order to justify an investigatory stop." (citation omitted)). The court finds that Officer Stanley had not only an articulable and reasonable suspicion of criminal conduct to make an investigative detention but he also had probable cause to stop and arrest the defendant.

■ On the defendant's argument alternatively attacking the lawfulness of the search, the court finds that Officer Stanley's search of the car was lawful under both the automobile exception and the search incident to arrest exception. Under the automobile exception, a warrantless search is permissible if there is probable cause to believe that the vehicle contains contraband. *United States v. Arzaga*, 9 F.3d 91, 94 (10th Cir. 1993); *United States v. Chatman*, 994 F.2d 1510, 1514 (10th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 230, 126 L.Ed.2d 185 (1993). This exception "is justified by the vehicle's inherent mobility and the diminished expectation of privacy which surrounds the automobile." *Arzaga*, 9 F.3d at 94. Probable cause means that "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983).

■ The other exception applicable here recognizes that a warrantless search of an arrested person and the immediate surrounding area may be conducted contemporaneously with the arrest. *New York v. Belton*, 453 U.S. 454, 457, 101 S.Ct. 2860, 2862, 69 L.Ed.2d 768 (1981). The general rule is that a search cannot precede an arrest and also justify the arrest. *Sibron v. New York*, 392 U.S. 40, 63, 67, 88 S.Ct. 1889, 1902, 1905, 20 L.Ed.2d 917 (1968). On the other hand, a search occurring before a formal arrest may be valid where the arrest follows quickly on the heels of the challenged search. *Rawlings v. Kentucky*, 448 U.S. 98, 111, 100 S.Ct. 2556, 2564–65, 65 L.Ed.2d 633 (1980). In the Tenth Circuit case of *United States v. Gay*,

774 F.2d 368 (10th Cir.1985), the warrantless search was upheld as incident to arrest even though the defendant was not formally arrested until after the search. The court noted that grounds for the arrest existed prior to the search and the defendant was "in effect ... apprehended" before the search was made.

The court has heard evidence amply supporting both exceptions. Beyond the facts that I have already discussed, the stop itself presented additional circumstances which add to the Officer Stanley's cause for believing that there was an open cereal malt beverage bottle in the red Mustang. When Officer Stanley signaled for the defendant to stop, the defendant slammed on his brakes. Officer Stanley was startled and had a difficult time stopping his motorcycle without hitting the red Mustang. The driver's sudden reaction obviously heightened the Officer Stanley's suspicion that the driver could be operating the car under the influence. Next, the defendant verbally resisted the request for identification and wanted to know the reason for the stop. Officer Stanley replied that he would explain after the defendant gave him a driver's license. The defendant handed the defendant a driver's license on which the expiration date had been plainly altered to the point that it was not legible. Officer Stanley then explained that he had observed an open beer bottle in the car while parked in the alley. The defendant responded that he had thrown the bottle away and that it was not in the vehicle.

The defendant's sudden stopping, his verbal resistance and belligerent attitude towards Officer Stanley, the expired driver's license with an altered date, and then the defendant's statement that confirmed there had been a bottle in the car are all circumstances adding to the reasonableness of Officer Stanley's belief that there was a fair probability of finding an open beer bottle in the car. Officer Stanley further had probable cause to believe that the defendant had been operating the car with an open container and to arrest him at that point to prevent the destruction of evidence. Moreover, once the defendant provided an expired driver's license, Officer Stanley had grounds and authority to arrest the defendant for driving without a license on his person in violation of K.S.A. 8–244, or for driving without having been issued a driver's license in violation of K.S.A. 8–235(a). *See Fillmore v. Ordonez*, 829 F.Supp. 1544, 1557 (D.Kan.1993), *aff'd*, 17 F.3d 1436 (10th Cir.1994) (Table). On these facts, the court finds that Officer Stanley had probable cause to make the warrantless search of the red Ford Mustang under both the automobile exception and the search incident to an arrest exception.

IT IS THEREFORE ORDERED that the defendant's motion to suppress (Dk. 24) is denied.