UNITED STATES COURT OF APPEALS
**Filed 4/10/96**
TENTH CIRCUIT

UNITED STATES OF AMERICA,      )
     )
       Plaintiff-Appellee,      )
     )      No. 95-3307
vs.     ) (D.C. No. 95-40009-01-SAC)
     )      (D. Kan.)
JAMES W. PULLEN,      )
aka James W. Newman,      )
     )
       Defendant-Appellant.      )

ORDER AND JUDGMENT[*]

Before BALDOCK, EBEL, and HENRY, Circuit Judges.

Defendant James W. Pullen entered a conditional plea of guilty under Fed. R. Crim. P. 11(a)(2) to one count of unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Defendant to 41 months imprisonment. On appeal, Defendant challenges both his conviction and sentence. As to the former, Defendant contends that the district court improperly denied his motion to suppress evidence obtained through an illegal stop and search of his vehicle. As to the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

latter, Defendant contends that the district court improperly enhanced his base offense level under the sentencing guidelines for obstruction of justice and possession of a stolen firearm, and improperly failed to reduce his base offense level for acceptance of responsibility. We exercise jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291 and affirm.

## I.

On October 19, 1993, Officer Jerry Stanley of the Topeka Police Department responded to a disturbance call regarding a man carrying a shotgun in the 700 block of Clay Street. While patrolling on his motorcycle through an alley in the 700 block of Clay Street, Officer Stanley observed a red Ford Mustang parked on the west side of the alley pointing north. As he passed the vehicle, Officer Stanley looked into the vehicle from his motorcycle and saw what he believed to be an open bottle of malt beverage. The brown bottle was inside a small paper bag typically used to package malt beverages. The bottle held between 32 and 40 ounces. The bottle had been placed upright against the back of the driver's seat apparently to avoid spilling. Based on his observations, Officer Stanley concluded that the driver probably had operated and planned to operate the vehicle with an open container of malt beverage in violation of Kan. Stat. Ann. § 41-2719 (1993).

Officer Stanley stationed himself north and east of the Mustang. While he could not see the Mustang from his position, he anticipated that the vehicle would leave in his

direction whereupon he could stop it for an open container violation. After waiting fifteen minutes, Officer Stanley returned to find the Mustang gone. He circled the block and stopped his motorcycle at the south end of the alley. Seconds later, Officer Stanley observed the Mustang driving towards him down the alley. He followed the Mustang onto Clay Street and signaled the Defendant to stop.

The Defendant stopped abruptly, making it difficult for Officer Stanley to stop without rear-ending the Mustang. Officer Stanley approached the Mustang and requested Defendant's identification. Defendant verbally resisted, asking the reason for the stop. Defendant produced an invalid driver's license on which the expiration date had been altered and was illegible. Officer Stanley explained that he had observed an open beer bottle in the vehicle while parked in the alley. Defendant stated he had discarded the bottle. Officer Stanley then searched the passenger compartment of the Mustang and pulled from underneath the driver's seat a semi-automatic handgun.

II.

Based upon the foregoing, the district court held that Officer Stanley had a reasonable articulable suspicion that a traffic violation was occurring. The court therefore concluded that Officer Stanley's initial stop of the vehicle was justified. The court further concluded that Officer Stanley's search of the vehicle's passenger compartment was supported by probable cause and reasonably related in scope to the circumstances

justifying the stop. As a result, the district court denied Defendant's motion to suppress.[1] United States v. Pullen, 884 F. Supp. 410 (D. Kan. 1995). On appeal, Defendant argues that Officer Stanley did not possess a reasonable articulable suspicion of unlawful conduct and that Officer Stanley's stop of Defendant's vehicle was a pretext for the subsequent search.

We assess the reasonableness of traffic stops and searches incident thereto under the two-part test set forth in Terry v. Ohio, 392 U.S. 1 (1968). The stop must be justified at its inception and a subsequent search must be reasonably related to the circumstances which originally justified the stop. Id. at 19-20. A police officer's subjective motivation in stopping a vehicle is irrelevant. United States v. Botero-Ospina, 71 F.3d 783, 787 (10th Cir. 1995) (en banc), overruling United States v. Guzman, 864 F.2d 1512 (10th Cir. 1988). A traffic stop is justified and valid under the Fourth Amendment "if the stop is based on an observed traffic violation or if the police officer has reasonable articulable suspicion that a traffic . . . violation has occurred or is occurring." Botero-Ospina, 71 F.3d at 787. An officer is then justified in searching the vehicle "if , under the 'totality of

---

[1] As an alternative basis for its ultimate determination of reasonableness, the district court concluded that the search of Defendant's vehicle was proper as a search incident to an arrest. See United States v. Belton, 453 U.S. 454, 457 (1981) ("custodial arrest . . . justifies the contemporaneous search without a warrant of the person arrested and of the immediately surrounding area."). Because we agree with the district court's conclusion that Officer Stanley's conduct was proper under the standards set forth in Terry v. Ohio, 392 U.S. 1 (1968), we do not address the district court's alternative basis for its determination.

the circumstances' there is a 'fair probability' that the car contains contraband or evidence." United States v. Nielsen, 9 F.3d 1487, 1489-90 (10th Cir. 1993) (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)). "If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search. United States v. Ross, 456 U.S. 798, 825 (1982) (emphasis added). We review the district court's findings of fact for clear error but we review its ultimate determination of reasonableness under the Fourth Amendment de novo. United States v.Parker, 72 F.3d 1444, 1450 (10th Cir. 1995).

Applying these principles, we first conclude that Officer Stanley had a reasonable articulable suspicion that Defendant was illegally transporting an open bottle of malt beverage, and thus had a proper basis for stopping Defendant's vehicle. As the district court aptly stated:

> [N]o more than twenty to thirty minutes had passed since Officer Stanley had last seen what he believed was an open beer bottle in the red Mustang. Though a factor to consider in determining whether Officer Stanley had sufficient cause, this passage of time does not detract measurably from his reasonable suspicion . . . . There are numerous facts, which when considered as a whole, amount to a fair probability that an open beer bottle would be found in the red Mustang almost one-half hour later. First, the bottle was a large 32 to 40 ounce size. Second, the bottle appeared to have something in it when the officer last saw it. Third, a paper bag tightly covered the outside of the brown bottle. These facts alone are more than enough to create a reasonable suspicion and are sufficient by themselves to create a fair probability that the open cereal malt beverage would still be in the car thirty minutes later. A reasonable suspicion can exist even though the same circumstances do not rule out all possible explanations of innocent behavior.

5

Pullen, 884 F. Supp. at 412.

We next conclude that Officer Stanley's search of the vehicle's passenger compartment was supported by probable cause and reasonably related to the circumstances which justified the stop of Defendant's vehicle and was thus proper. Under the totality of the circumstance, a fair probability existed that the open container, no longer in plain view, was hidden inside the vehicle's passenger compartment. See Nielson, 9 F.3d at 1489-90; cf. Parker, 72 F.3d at 1450 ("If an officer smells marijuana in the passenger compartment of a vehicle, he has probable cause to search the passenger compartment."). In addition to Officer Stanley's initial viewing of the bottle,

> [t]he defendant's sudden stopping, his verbal resistance and belligerent attitude towards Officer Stanley, the expired driver's license with an altered date, and then the defendant's statement that confirmed there had been a bottle in the car are all circumstances adding to the reasonableness of Officer Stanley's belief that there was a fair probability of finding an open beer bottle in the car.

Pullen, 884 F. Supp. at 413. Because Officer Stanley was justified in stopping Defendant's vehicle based upon a reasonable articulable suspicion of a traffic violation, and Officer Stanley's subsequent search of the vehicle's passenger compartment was supported by probable cause and reasonably related to the circumstances justifying the stop, the district court did not err in denying Defendant's motion to suppress.

6

III.

At sentencing, the district court enhanced Defendant's base offense level of 14, U.S.S.G. § 2K2.1(a)(4)(A), by two levels for obstruction of justice, U.S.S.G. § 3C1.1, and two levels for possession of a stolen firearm, U.S.S.G. § 2K2.1(b)(4).[2] The district court also denied Defendant a two-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1. On appeal, Defendant challenges both the district court's decision to enhance his base offense by four levels and to deny him a two-level reduction for acceptance of responsibility.[3] In deciding these disputed sentencing issues, we review the district court's factual determinations only for clear error, but review legal interpretations of the guidelines de novo. United States v. Janus Indus., 48 F.3d 1548, 1559-60 (10th Cir.)

---

[2] We do not understand the Presentence Investigation Report's (PIR) calculation of Defendant's base offense level. The PIR stated that the 1994 version of U.S.S.G. § 2K2.1(a)(4)(A) set Defendant's base offense level at 14. However, the 1994 version of § 2K2.1(a)(4)(A) sets Defendant's base offense level at 20. Nevertheless, because the government did not object to the PIR, we have no occassion to consider the apparent miscalculation.

[3] Defendant also makes a specious double jeopardy argument based upon state officials' seizure pursuant to a valid state search warrant of stolen property from his residence 30 days after the incident with Officer Stanley. According to Defendant, his sentencing on the federal charge after the state officials' seizure of stolen property from his residence placed him in jeopardy twice for the same offense. We disagree. First, Defendant failed to adequately raise this argument before the district court and we generally do not consider arguments raised for the first time on appeal. United States v. Denogean, No. 95-2138, slip op. at 5 (10th Cir., March 25, 1996). Second, Defendant apparently has not challenged the seizure of the property from his residence and thus is not subject to "former" jeopardy in any forfeiture action. United States v. German, 76 F.3d 315, 319 (10th Cir. 1996). Third, the Double Jeopardy Clause does not operate between independent sovereigns such as federal and state governments. Abbate v. United States, 359 U.S. 187, 195 (1959).

(obstruction of justice and acceptance of responsibility), <u>cert.</u> <u>denied</u> 116 S. Ct. 87 (1995); <u>United States v. Rowlett</u>, 23 F.3d 300, 303 (10th Cir. 1994) (stolen firearm).

A.

The sentencing guidelines require a two-level increase "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." U.S.S.G. § 3C1.1. Examples of conduct to which the obstruction of justice enhancement applies are providing materially false information to the court or law enforcement authorities. <u>Id.</u> application note 3.

When Officer Stanley found the firearm in Defendant's vehicle, Defendant explained that he had recently received death threats due to the success of his janitorial service. Futher investigation revealed Defendant was unemployed. Additionally, at his arraignment Defendant testified falsely as to his indigent status in order to receive appointed counsel. Defendant claims that he did not obstruct justice because any false statements he made to authorities were immaterial, and, in any event, he eventually pled guilty. The district court disagreed and found that Defendant had provided materially false information to Officer Stanley as to Defendant's need to possess the firearm and provided materially false information to a Probation Officer and Magistrate Judge regarding his financial status. We have carefully reviewed the record and find adequate support for the district court's findings. Accordingly, the district court did not err in

8

concluding that Defendant "attempted to obstruct or impede the administration of justice" in this case.

B.

The sentencing guidelines which apply to the unlawful possession of firearms require a two-level increase in the base offense level "if any firearm was stolen." U.S.S.G. § 2K2.1(b)(4). Application note 19 further provides that "the enhancement under subsection (b)(4) for a stolen firearm . . . applies whether or not the defendant knew or had reason to believe that the firearm was stolen." Id. application note 19; accord United States v. Sanders, 990 F.2d 582, 584 (10th Cir.) (government need not prove that defendant knew firearm was stolen for enhancement to apply), cert. denied, 114 S. Ct. 216 (1993).

In this case, the government established at sentencing that the firearm found in Defendant's vehicle was stolen and that Defendant trafficked in stolen property for a living. Defendant did not deny that the firearm was stolen, but rather asserted that he did not know the firearm was stolen. Defendant's argument is inapposite, however, based on U.S.S.G. § 2K2.1(b)(4) application note 19. Accordingly, the district court did not err in increasing Defendant's base offense level by two levels for possession of a stolen firearm.

C.

U.S.S.G. § 3E1.1 provides that a district court should reduce a defendant's base offense by two levels where "the defendant clearly demonstrates acceptance of

9

responsibility for his offense." A defendant bears the burden of establishing his entitlement to a two-level reduction under the guidelines. United States v. Nelson, 54 F.3d 1540, 1544 (10th Cir. 1995).

In concluding that Defendant was not entitled to a reduction for acceptance of reponsibility, the district court stated:

> [W]hile the defendant did admit to the U.S. Probation Officer he possessed the firearm, he denied he was aware it was stolen and he provided no additional information as to his purpose for possessing the firearm . . . . In addition, the defendant pled guilty to this charge at 11:30 a.m. on the date he was scheduled to go to trial, within two hours of the time the jury was to be impaneled . . . . Because an enhancement for obstruction of justice is warranted in this case and the defendant pled guilty "in the 11th hour," . . . it is the court's finding that he did not express or exhibit an affirmative acceptance of personal responsibility for his criminal conduct . . . .

Vol. IV at 18-19. We conclude the district court did not err in finding that Defendant was not entitled to a two-level reduction for acceptance of responsibility.


AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge


10