**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Douglas Merrill NIELSEN,**
**Defendant–Appellant.**

**No. 92–4204.**

United States Court of Appeals,
Tenth Circuit.

Nov. 22, 1993.

---

**1488**

Ronald J. Yengich of Yengich, Rich & Xaiz, Salt Lake City, UT, for defendant-appellant.

Bruce C. Lubeck, Asst. U.S. Atty. (David J. Jordon, U.S. Atty., with him on the brief), Salt Lake City, UT, for plaintiff-appellee.

Before LOGAN, SEYMOUR and MOORE, Circuit Judges.

LOGAN, Circuit Judge.

Defendant Douglas Merrill Nielsen entered a conditional guilty plea to possessing in excess of 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1), after the court denied his motion to suppress cocaine obtained during a nonconsensual warrantless search of the trunk of his automobile. The only issue on appeal is whether a police officer's alleged smell of burnt marijuana gave probable cause to search the trunk of the car, when there was no corroborating evidence that defendant had recently smoked marijuana and no marijuana was found in the vehicle.

I

The district court succinctly summarized the facts as follows:

At approximately 4:30 p.m. on April 22, 1992, Bushnell stopped Nielsen for a speeding violation on I–35 near Nephi, Utah. Bushnell claimed that as he spoke with Nielsen, he immediately recognized the smell of burned marijuana coming from the open window of Nielsen's vehicle. According to Bushnell, he could not tell if the odor came from Nielsen's person or the vehicle. Bushnell asked Nielsen about the marijuana, and Nielsen said he had none. Bushnell then asked if he could search the interior of the vehicle, and Nielsen consented. Bushnell searched the interior of the vehicle but found nothing that could have been the source of the odor.

Bushnell then ran a radio check on Nielsen which indicated that Nielsen had been arrested for a misdemeanor marijuana offense in 1977. Thereafter, Bushnell told Nielsen that he believed there was marijuana in the car and that he was going to search the trunk. Nielsen did not consent to the search of the trunk. Bushnell then removed the keys to Nielsen's car from the ignition, opened the trunk, and found a set of scales and approximately two (2) kilograms of cocaine. Nielsen was then arrested, placed in Bushnell's vehicle and given *Miranda* warnings.

Appellant's App. Doc. 3. The district court believed Officer Bushnell's claims that he smelled marijuana emanating from defendant's vehicle and found Bushnell's testimony credible.

The court then considered whether Bushnell had probable cause to conduct a warrantless search of defendant's trunk.

The United States Court of Appeals for the Tenth Circuit has noted that " '[w]here an officer legitimately stops a car, and has probable cause to believe drugs are concealed in that car, he may conduct a warrantless search of the car and the containers within it that could conceal the object of the search'...." *[United States v.] Loucks,* 806 F.2d [208] at 209 [ (10th Cir. 1986) ]. Similarly, the Tenth Circuit stated that "[o]nce probable cause exists for a search, the police have authority to search the entire vehicle." *United States v. Ashby,* 864 F.2d 690, 692 (10th Cir.1988) (citing *Loucks,* 806 F.2d at 209). Furthermore, the United States Supreme Court has stated that, "[i]f probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *United States v. Ross,* 456 U.S. 798, 825 [102 S.Ct. 2157, 2173, 72 L.Ed.2d 572] (1982). Accordingly, the Tenth Circuit and the United States Supreme Court have made it clear that " '[w]hen a legitimate search is underway ... nice distinctions between ... glove compartments, upholstered seats, trunks, and wrapped packages ... must give way to the interest in the prompt and efficient completion of the task at hand.' " *Loucks,* 806 F.2d at 210 (quoting *Ross,* 456 U.S. at 821, 102 S.Ct. at 2171).

*Id.* Thus, the district court determined that probable cause existed to search the trunk and denied defendant's motion to suppress.

## II

▪ In reviewing the denial of a motion to suppress evidence, we must accept the trial court's findings of fact unless they are clearly erroneous. *United States v. Pena,* 920 F.2d 1509, 1514 (10th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 2802, 115 L.Ed.2d 975 (1991). The district court's factual findings are that the officer smelled burnt marijuana, obtained consent to search the passenger compartment and found nothing. When defendant refused consent to search the trunk,[1] the officer conducted a warrantless search of the trunk in which he found only cocaine. Defendant introduced into evidence the negative results of a urine test that should have indicated whether he had used marijuana within the time frame of the stop. Appellant's App.Doc. 2.

The rational explanations for these incongruous facts suggest the following possibilities: (1) Bushnell did smell marijuana— someone else had recently smoked marijuana in defendant's car,[2] or, less likely, defendant had smoked marijuana in the car, disposed the remains out the window, and the urine test result was invalid; (2) Bushnell thought he smelled marijuana, but was mistaken; or (3) Bushnell fabricated his testimony that he detected the smell of marijuana. The district court believed the officer's testimony, thus, apparently it accepted the first possibility. Based upon the cold record we would not have made the same determination; but, as is the case with essentially all factual findings based upon credibility, we cannot hold that the district court's factual finding is clearly erroneous.

## III

▪ We still must address the legal issue whether, based on the facts found by the district court, there was probable cause to search the trunk. We review de novo the trial court's legal conclusion that the search was reasonable under the Fourth Amendment. *United States v. Zapata,* 997 F.2d 751, 756 (10th Cir.1993). Probable cause to search a vehicle is established if, under the

---

1. The government concedes defendant's consent to search was limited to the passenger compartment. Brief of Plaintiff/Appellee at 4–5. After searching the interior of the car, Officer Bushnell said, "I would like to look in the trunk. Do you mind?" Defendant replied, "I would rather you didn't." Appellant's App.Doc. 2 at 17. After Bushnell ran the criminal history, he told defendant he believed there was marijuana in the trunk. Again, defendant made it clear that he did not want Bushnell to look in the trunk, and at that point Bushnell took the keys from the ignition and opened the trunk. *Id.* at 17, 25.

2. Defendant was the sole occupant of the car at the time it was stopped.

"*totality of the circumstances*" there is a "fair probability" that the car contains contraband or evidence. *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983) (emphasis added).

The district court relied on our opinions in *United States v. Ashby,* 864 F.2d 690, 692 (10th Cir.1988), *cert. denied,* 494 U.S. 1070, 110 S.Ct. 1793, 108 L.Ed.2d 794 (1990), and *United States v. Loucks,* 806 F.2d 208, 209– 11 (10th Cir.1986), in ruling that Officer Bushnell's detection of the odor of burnt marijuana provided probable cause to search the trunk.

In *Loucks,* an officer who had made a legal traffic stop noticed that both the defendant's person and the passenger compartment smelled of burnt marijuana. 806 F.2d at 209. The officer searched the car interior and found marijuana cigarette butts and a small bag of marijuana. The officer then searched the trunk and found bags containing twenty-five pounds of marijuana. The defendant asserted that probable cause to search the passenger compartment did not extend to the trunk, even after the bag of marijuana was discovered in the passenger area. We rejected this "personal use" argument and held that once the officer found contraband, he had probable cause to search the trunk. *Id.* at 210–11 (citing *United States v. Burnett,* 791 F.2d 64, 67 (6th Cir.1986)).[3] Similarly, in *Ashby* we determined that there was probable cause to search a trunk based on "[t]estimony regarding the ability of an experienced officer to recognize the smell of marijuana, the officer's view of marijuana in the car's interior, and the odor which sixty-eight pounds of partially unwrapped marijuana

may emit." *Ashby,* 864 F.2d at 692; *see also United States v. Sperow,* 551 F.2d 808, 809– 11 (10th Cir.) (police stopped heavily loaded truck with camper near border on reasonable suspicion of "illegally smuggling or transporting persons from Mexico," once stopped, officer smelled marijuana and searched back of truck; found large quantity of marijuana), *cert. denied,* 431 U.S. 930, 97 S.Ct. 2634, 53 L.Ed.2d 245 (1977).

*Loucks* and *Ashby* are factually distinguishable from the instant case because in those cases the officers not only detected the odor of burnt marijuana, they also found marijuana in the passenger compartment *before* searching the trunk. Nevertheless, we have construed our opinion in *United States v. Bowman,* 487 F.2d 1229, 1231 (10th Cir. 1973), as holding that "the odor of marijuana alone can satisfy the probable cause requirement to search a vehicle or baggage." *United States v. Morin,* 949 F.2d 297, 300 (10th Cir.1991).[4]

In *Bowman,* a United States Border Patrol Agent stopped the defendant at a checkpoint station and questioned him concerning his citizenship. "During the course of this conversation [the agent] detected the odor of marijuana. He directed Bowman to pull off to the side of the traffic lane and open his trunk. When the trunk was found empty, [the agent] proceeded to the interior of the vehicle and noticed a footlocker and a suitcase. A search of the footlocker uncovered twenty-five bricks of marijuana." 487 F.2d at 1230. We concluded that "probable cause for the search of the vehicle arose upon [the agent's] detection of the odor of marijuana." *Id.* at 1231.

---

3. In finding probable cause to search the trunk in *Loucks* we also cited *Robbins v. California,* 453 U.S. 420, 101 S.Ct. 2841, 69 L.Ed.2d 744 (1981), *overruled in part, United States v. Ross,* 456 U.S. 798, 824, 102 S.Ct. 2157, 2172, 72 L.Ed.2d 572 (1982). In *Robbins,* officers stopped a station wagon that was being driven erratically, smelled marijuana, and searched the passenger compartment where they found marijuana. The officers then searched the luggage compartment and found two packages which they opened and which contained marijuana. The Court upheld the warrantless search of the luggage compartment, but disapproved the opening of the packages without a warrant, a part of the case later overruled by *Ross. Robbins,* 453 U.S. at 428,

101 S.Ct. at 2847; *see also Ross,* 456 U.S. at 824, 102 S.Ct. at 2172.

4. In the cases citing *Bowman* the courts relied on more than odor alone in finding probable cause. *See, e.g., United States v. Morin,* 949 F.2d 297, 299–300 (10th Cir.1991) (police officers investigating train passenger had probable cause to search luggage based on, inter alia, "strong odor of marijuana" and "visual observation of marijuana" protruding from bag); *United States v. Merryman,* 630 F.2d 780, 784–85 (10th Cir.1980) (officer had reasonable suspicion based on avoidance of checkstop and unusual tarp; once he smelled marijuana he had probable cause to search truck).

In *Bowman,* as here, the district court relied on the officer's detection of the odor of marijuana in determining there was probable cause to search the trunk. Thus, as the district court in the instant case recognized, we have made unqualified statements that the smell of marijuana is sufficient to establish probable cause to search. In all of the cases in our circuit, however, the search itself established the validity of the smell.[5] In all of the searches pursuant to the smell, marijuana was found in the area it would be expected to be found. The case before us is the first in which there was no corroboration of the smell. If this were a case of an alert by a trained drug sniffing dog with a good record, we would not require corroboration to establish probable cause. The dog would have no reason to make a false alert. But for a human sniffer, an officer with an incentive to find evidence of illegal activities and to justify his actions when he had searched without consent, we believe constitutional rights are endangered if limitations are not imposed.

The officer here said he smelled *burnt* marijuana, and we need only decide whether that provides probable cause to search a trunk, after a consented-to search of the passenger compartment produced no evidence to support the officer's suspicions. The scope of a warrantless search of an automobile "is defined by the object of the search and the places in which there is probable cause to believe that it may be found." *United States v. Ross,* 456 U.S. 798, 824, 102 S.Ct. 2157, 2172, 72 L.Ed.2d 572 (1982). The Supreme Court recently reaffirmed this principle, stating that if the object of the search is a paper bag of marijuana in the trunk, and police do not have probable cause to believe

the object of the search is hidden elsewhere, a search of the entire vehicle would be unreasonable. *California v. Acevedo,* 500 U.S. 565, ——, 111 S.Ct. 1982, 1991, 114 L.Ed.2d 619 (1991) (dicta, in opinion eliminating *Sanders* warrant requirement for closed containers in automobile searches).

The smell of burnt marijuana would lead a person of ordinary caution to believe the passenger compartment might contain marijuana. In the instant case, Bushnell's consensual search of the passenger compartment revealed no marijuana or related contraband. We do not believe under the circumstances that there was a fair probability that the *trunk* contained marijuana, or that a disinterested magistrate would so hold if asked to issue a search warrant. *See United States v. Seals,* 987 F.2d 1102, 1107 & n. 8 (5th Cir.) (if narcotics detection dog alerts only to a vehicle's passenger compartment, probable cause extends only to that part of the vehicle) (citing *Ross,* 456 U.S. at 824, 102 S.Ct. at 2172), *cert. denied,* —— U.S. ——, 114 S.Ct. 155, 126 L.Ed.2d 116 (1993). Defendant's nervousness and a fifteen year old misdemeanor drug conviction do not persuade us otherwise. *See United States v. Millan–Diaz,* 975 F.2d 720, 722 (10th Cir. 1992) (nervousness as basis for suspicion must be considered with caution and normally is not dispositive). We hold that under all of the circumstances there was no probable cause to search the trunk. The district court erred in denying defendant's motion to suppress the evidence.

REVERSED AND REMANDED for further proceedings consistent with this opinion.

---

5. The only case we have uncovered finding probable cause when the smell was not corroborated by the search was *United States v. Reed,* 882 F.2d 147 (5th Cir.1989). There an officer made an otherwise proper automobile stop. The officer noticed the driver and passenger were nervous and avoided eye contact, and he said that he smelled the odor of burnt marijuana. A search of a locked compartment in the station wagon uncovered four pounds of cocaine. The court there declared that the odor of marijuana alone justified a search of the entire vehicle; furthermore, it was "not controlling that the substance

eventually discovered in the vehicle was cocaine, and that no marihuana was ever found." *Id.* at 149. In *Reed,* the locked compartment was in the passenger area, and thus it would be reasonable to search it based upon the marijuana the officer said he smelled. The *Reed* court did not indicate whether its holding rested on that distinction. *Reed* is not controlling in our circuit so we need not determine whether had cocaine been found in the passenger compartment in the instant case it should be suppressed. Nevertheless, to the extent the *Reed* holding is inconsistent with our holding in the instant case we reject it.