**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 11 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

CATHERINE A. KARAFA,

      Defendant-Appellant.

No. 96-1194
(D.C. No. 95-CR-299-B)
(D. Colo.)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P.34(a); 10th Cir. R. 34.1.9.

Catherine A. Karafa entered a conditional guilty plea to a charge of possession of a mixture or substance containing a detectable amount of

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

methamphetamine after her motion to suppress was denied. On appeal, she asserts that the stop of her car and seizure of a box found in her vehicle was not supported by probable cause. We disagree and affirm.

We review a district court's probable cause determination de novo. Ornelas v. United States, 116 S. Ct. 1657, 1663 (1996); United States v. Nielsen, 9 F.3d 1487, 1489 (10th Cir. 1993). However we "review findings of historical fact only for clear error and . . . give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." Ornelas, 116 S. Ct. at 1663. "Probable cause to search a vehicle is established if, under the 'totality of the circumstances,' there is a 'fair probability' that the car contains contraband . . . ." Nielsen, 9 F.3d at 1489-90 (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)).

The district court's ruling was based on the following fact findings. Pursuant to a police investigation, officers of the Denver Police Department obtained a warrant to search the residence of Deborah Martinez at 3430 Clay Street in Denver. Officers had previously arranged a small buy from Ms. Martinez. The search revealed over six ounces of methamphetamine and a quantity of cash. After Ms. Martinez was arrested, she agreed to reveal her source of the drug. In return, the police agreed that she would not have to spend the night in jail and that her cooperation would be made known to the prosecuting authorities. Ms. Martinez identified Ms. Karafa as her source, stating that she had

bought methamphetamine from Ms. Karafa for over a year and owed her $22,000. A background check of Ms. Karafa revealed a history of narcotics transactions.

Pursuant to the agreement, Ms. Martinez called Ms. Karafa and set up a controlled buy. In the call, which was monitored and recorded, Ms. Martinez said she wanted to buy a larger amount than previously, and Ms. Karafa indicated, in a jargon explained to the police by Ms. Martinez, that she would be able to conduct a transaction. In a second call they arranged, again in jargon, for a purchase of two pounds and agreed to meet at a parking lot. Ms. Martinez was searched, fitted with a body wire, and driven to the meeting by the police.

Ms. Martinez told police that Ms. Karafa would arrive in one of two vehicles, one of which was a green Chevrolet El Camino. Police surveillance observed the green El Camino arrive. Ms. Karafa was driving and had a large dog in the cab with her. Ms. Martinez and Ms. Karafa had a conversation which was monitored by the police, in which Ms. Karafa said she did not want to do the deal there. Instead, they agreed to meet at Ms. Martinez' residence at 3430 Clay, a short distance away. Ms. Martinez did not want to ride in the cab with the dog or in the truck bed and accordingly did not leave with Ms. Karafa in the El Camino. Ms. Martinez subsequently told the agent monitoring her that Ms. Karafa had the drugs with her. The district court found as a matter of fact that Ms. Karafa had made this fact known to Ms. Martinez either implicitly or explicitly during their

conversation. The monitoring officer told the other members of the surveillance team and a decision was made to request uniformed officers to stop the El Camino.

Ms. Karafa was stopped about one block from the Clay Street address. When the surveillance officers arrived, she was standing outside the vehicle in the custody of the uniformed officers. As Detective Fountain approached Ms. Karafa, he saw a box about the size of a shoebox in the bed of her truck in plain view and picked it up. The district court found that Detective Fountain then requested and received permission from Ms. Karafa to search the truck and the box. The box contained methamphetamine. Ms. Karafa was arrested at that time.

The district court concluded that the totality of the circumstances gave the officers probable cause to stop the vehicle and to seize the box. We agree. The existence of probable cause is a common sense, practical inquiry. Illinois v. Gates, 462 U.S. 213, 230 (1983). We must assess the circumstances as understood by those versed in the field of law enforcement, and assess probabilities in light of the particular factual context. Id. at 232.

The circumstances in the instant case clearly warranted the belief by an objectively reasonable officer that the El Camino and any box in it contained methamphetamine. The police had monitored Ms. Martinez and had observed Ms. Karafa behaving as Ms. Martinez predicted she would. We do not agree with Ms.

-4-

Karafa's contention that Ms. Martinez had an incentive to mislead the police; on the contrary, after her arrest she had every reason to provide the police with valuable assistance in order to obtain more favorable treatment for herself. We also disagree with Ms. Karafa's contention the district court clearly erred in finding that Ms. Martinez was told either implicitly or explicitly that Ms. Karafa had the drugs with her. Ms. Martinez had no reason to mislead the police in this regard, knowing that she and Ms. Karafa were under surveillance and the police had set up the transaction in an attempt to obtain evidence against Ms. Karafa. When the circumstances here are viewed in a practical, common sense manner, a fair probability existed that the truck and/or the box contained methamphetamine.

Accordingly, the conviction is AFFIRMED. The mandate shall issue forthwith.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge