**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 28 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

RICK RAY DENNIS,

      Defendant-Appellant.

No. 96-4086
(D.C. No. 2:94cv85 W)
(D. Utah)

---

ORDER AND JUDGMENT[*]

---

Before BRISCOE, LOGAN and LUCERO, Circuit Judges.

---

Defendant Rick Ray Dennis entered a conditional guilty plea to possession of

methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1),

reserving the right to challenge the search of his vehicle. Because we hold that the officer

had probable cause to search containers in the camper portion of a pickup truck after he

smelled burnt marijuana and found marijuana cigarettes in defendant's pocket and in the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

passenger compartment, we need not consider whether defendant voluntarily consented to the search.

Just before 1 p.m. on May 25, 1994, Utah Highway Patrol trooper Lance Bushnell stopped defendant for speeding on I-15 south of Nephi, Utah. When he approached the pickup to request defendant's driver's license and registration, Bushnell smelled burnt marijuana. He asked defendant more than once if he smoked dope or if he had been smoking dope; each time defendant said "no." II R. 15-17, 52-54. Bushnell asked if he could look inside the truck, and defendant said "No, I don't mind." Id. at 17, 54.

When defendant got out of the truck, Bushnell patted him down and found a marijuana cigarette in his pocket; defendant then admitted that he had lied to the officer. Bushnell searched the cab of the truck and found two burnt marijuana cigarettes and a baggie of marijuana in some swim trunks. Bushnell then searched in the camper shell. He found and opened two duffel bags; one contained twenty-two packages of methamphetamine and the other contained $5,000 cash and a baggie of marijuana. Bushnell then handcuffed defendant and advised him of his Miranda rights.

The district court found that Bushnell had probable cause to search the vehicle, and denied defendant's motion to suppress the evidence from the back of the truck. We review de novo the legal question whether a search was reasonable under the Fourth Amendment. United States v. Parker, 72 F.3d 1444, 1449 (10th Cir. 1995).

"An officer has probable cause to search a car 'if, under the "totality of the circumstances" there is a "fair probability" that the car contains contraband or evidence.'" Parker, 72 F.3d at 1450 (quoting United States v. Nielsen, 9 F.3d 1487, 1489-90) (10th Cir. 1993) (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)). When an officer detects the odor of marijuana in the passenger compartment, he then has probable cause to search the passenger compartment. United States v. Loucks, 806 F.2d 208, 209-10 n.1 (10th Cir. 1986); see also Parker, 72 F.3d at 1450 (smell of marijuana and evidence of contraband on defendant produced probable cause to search trunk). The smell of marijuana in the passenger compartment does not by itself establish probable cause to search the trunk of a vehicle. Nielsen, 9 F.3d at 1491 (although "smell of burnt marijuana would lead a person of ordinary caution to believe the passenger compartment might contain marijuana" where that search revealed no contraband there was no "fair probability" that trunk contained marijuana). But once an officer "smells marijuana in the passenger compartment and finds corroborating evidence of contraband," Parker, 72 F.3d at 1450, he then has probable cause to search the trunk, including any containers in the trunk that might contain contraband, see United States v. Ross, 456 U.S. 798, 825 (1982).

Defendant asserts that our cases incorrectly rely on Ross because Ross was limited by the Supreme Court's holding in California v. Acevedo, 500 U.S. 565 (1991). We disagree. In Acevedo, the Supreme Court acknowledged the anomaly of separate doctrines that allowed a warrantless search of a vehicle to include searching closed

containers inside the car if there was probable cause to search the automobile, 500 U.S. at 570 (citing United States v. Ross, 456 U.S. at 825), but did not allow a warrantless search of a closed container placed in a moving vehicle if there was probable cause to search only that container, id. at 571 (citing Arkansas v. Sanders, 442 U.S. 753 (1979) and United States v. Chadwick, 433 U.S. 1 (1977)).

Acevedo overruled the Chadwick-Sanders rule, and held that a warrantless search of an automobile based on the exigency of a vehicle's mobility could include a search of a container that might conceal the object of the search. The Acevedo Court thus answered "no" to the question--deferred in Ross--"whether the Fourth Amendment requires the police to obtain a warrant to open [a container] in a movable vehicle simply because they lack probable cause to search the entire car." Acevedo, 500 U.S. at 573. The Acevedo Court specifically reaffirmed the Ross holding that "'[t]he scope of warrantless search of an automobile . . . is not defined by the nature of the container in which the contraband is secreted. Rather, it is defined by the object of the search and the places in which there is probable cause to believe that it may be found.'" Id. at 579-80 (quoting 465 U.S. at 824).

In the instant case the smell of marijuana gave officer Bushnell probable cause to search the passenger compartment, Nielsen, 9 F.3d at 1491; Loucks, 806 F.2d at 210-11, and to pat down defendant, Terry v. Ohio, 392 U.S. 1, 21 (1968). When he found contraband on defendant and in the passenger compartment, Bushnell then had probable

- 4 -

cause to search the entire vehicle, including the camper portion and any containers therein.  Parker, 72 F.3d at 1450; Ross, 456 U.S. at 825.

AFFIRMED.

Entered for the Court

James K. Logan
Circuit Judge