STATE of Utah, Plaintiff and Appellee,

v.

Jarvis Clark MAYCOCK, Defendant and Appellant.

No. 950661–CA.

Court of Appeals of Utah.

Oct. 30, 1997.

Rehearing Denied Nov. 26, 1997.

Stanley S. Adams, Salt Lake City, for Defendant and Appellant.

Jan Graham, Attorney General, and Barnard N. Madsen, Assistant Attorney General, Criminal Appeals Division, Salt Lake City, for Plaintiff and Appellee.

Before DAVIS, P.J., and GREENWOOD and ORME, JJ.

OPINION

DAVIS, Presiding Judge:

Defendant appeals his convictions of possession of a controlled substance, a third degree felony, in violation of Utah Code Ann. § 58–37–8(2)(a)(i) (1994), and possession of drug paraphernalia, a class B misdemeanor, in violation of Utah Code Ann. § 58–37a–5 (1994). We affirm.

## FACTS

"We recite the facts ... in the light most favorable to the trial court's ruling." *State v. Yoder,* 935 P.2d 534, 537 n. 1 (Utah.Ct.App. 1997). We note, however, that the facts are undisputed.

On Thanksgiving Day, November 24, 1992, defendant was traveling southbound on Interstate 15 in Juab County. Trooper Fred Swain of the Utah Highway Patrol was also traveling southbound and passed defendant's truck. As he did, Trooper Swain noticed that there was no front license plate on defendant's truck. The trooper slowed his vehicle to position himself behind defendant and activated his emergency lights, initiating a traffic stop.[1] As defendant rolled down his window, Trooper Swain testified that he smelled burnt marijuana.

After asking defendant for his driver's license and vehicle registration, Trooper Swain told defendant to exit the truck. Because he smelled burnt marijuana, Trooper Swain requested permission to search the truck. Although defendant refused, Trooper Swain proceeded to search the vehicle based on the smell of burnt marijuana.

No marijuana was found. However, during the search Trooper Swain recovered a clip with a burn mark on the end, a film container with a ball point pen tube that had been cut to fit inside the container, a small pipe containing a burnt residue, a metal tube, a razor blade with a folding handle, and a small green plastic container which contained what later tested to be methamphetamine. The last four items were inside a jacket which was found in the truck.

Defendant was arrested and charged with possession of a controlled substance (methamphetamine), driving under the influence of drugs, and possession of drug paraphernalia. After the preliminary hearing, the count of driving under the influence of drugs was dismissed. The case proceeded to trial, where the State called Trooper Swain as a witness. During Trooper Swain's testimony, defense counsel made an oral motion to suppress the evidence based on an alleged lack of probable cause to conduct a warrantless search of the vehicle. The motion was denied and defendant was ultimately convicted by a jury of the remaining two charges.

Defendant appeals the trial court's ruling denying his motion to suppress the evidence.

## ISSUE AND STANDARD OF REVIEW

The issue before us is whether Trooper Swain's search is invalid because, according to defendant, there was no corroborating evidence of Trooper Swain's purely subjective belief that he smelled marijuana in defendant's truck. Because there was no corroboration, defendant argues, there was no probable cause supporting the warrantless search. Thus, the trial court erred in denying defendant's motion to suppress.

■ "In reviewing the trial court's denial of defendant's motion to suppress ..., we examine the trial court's 'underlying factual findings for clear error,' and ' "review the trial court's conclusions of law based [on those findings] for correctness." ' " *Yoder,* 935 P.2d at 545 (alteration in original) (citations omitted).

## ANALYSIS

Defendant contends that the warrantless search of his vehicle was not supported by probable cause and exigent circumstances. Defendant agrees that "[i]t is well settled that the odor of marijuana emanating from a vehicle establishes probable cause for the warrantless search of that vehicle." *State v. Spurgeon,* 904 P.2d 220, 227 (Utah.Ct.App. 1995). Defendant argues, nonetheless, that a trooper's ability to identify the odor of marijuana is inherently subjective and requires corroboration to establish the existence of probable cause.

The "corroboration" issue is one of first impression in Utah.[2] The Tenth Circuit, however, addressed a similar issue in *United*

1. Trooper Swain testified that he routinely stops automobile drivers for violations this minor.

2. This court has previously suggested that if there was no corroboration of an officer's subjective belief that he smelled marijuana and conducted a warrantless search based thereon, the search would be unlawful. *See State v. Naisbitt,* 827 P.2d 969, 973 n. 8 (Utah.Ct.App.1992).

*States v. Nielsen,* 9 F.3d 1487 (10th Cir. 1993). There, the defendant was traveling on an interstate highway near Nephi, Utah when a highway patrol trooper stopped the defendant for a speeding violation. *See id.* at 1488. As he talked to the defendant, the trooper said he smelled burnt marijuana coming from the open window of the defendant's vehicle. *See id.* When asked, the defendant denied having marijuana in the vehicle and consented to a search. *See id.* The trooper found nothing suggesting marijuana use; notwithstanding, the trooper persisted and, over the defendant's objections, searched the trunk of the vehicle. *See id.* Although the trooper did not find any marijuana, he did discover a set of scales and two kilograms of cocaine. *See id.*

The defendant in *Nielsen* made a subsequent motion to suppress, arguing that there was no probable cause to conduct a warrantless search of the trunk of his vehicle because no evidence corroborating the smell of burnt marijuana was found during the search of the passenger compartment. *See id.* at 1489. The trial court denied the defendant's motion and concluded that sufficient probable cause existed to search the trunk of the defendant's vehicle. *See id.* at 1489.

On appeal, the Tenth Circuit noted that in all the cases previously before the court in which an officer had conducted a warrantless search of a vehicle based on the smell of burnt marijuana, "marijuana was found in the area it would be expected to be found. The case before us is the first in which there was no corroboration of the smell." *Id.* at 1491. The court then held that corroboration was necessary.

If this were a case of an alert by a trained drug sniffing dog with a good record, we would not require corroboration to establish probable cause. The dog would have no reason to make a false alert. But for a human sniffer, an officer with an incentive to find evidence of illegal activities and to justify his actions when he had searched without consent, we believe constitutional

rights are endangered if limitations are not imposed.

*Id.*

Because the trooper believed that he had smelled *burnt* marijuana, the court held that the scope of the search should have been limited to the passenger compartment. *See id.* "[N]o marijuana or related contraband" was found during the consensual search of the passenger compartment and, therefore, no probable cause existed supporting a determination that marijuana would be found in the trunk. *Id.* Accordingly, the court held "that under all of the circumstances there was no probable cause to search the trunk" and, therefore, "[t]he district court erred in denying defendant's motion to suppress the evidence." *Id.*

■■■ We agree with the reasoning in *Nielsen* and accordingly hold that probable cause to support a search based solely on an officer's subjective belief that he or she smelled marijuana will be upheld only when the search corroborates marijuana or its use. Here, while the State did not try to prove that marijuana existed, a pipe used for smoking marijuana[3] along with a clip with a burn mark on the end were discovered. Based upon the trooper's experience and training, he testified that the clip was used for smoking a marijuana cigarette and the pipe for smoking marijuana. We conclude that this evidence is sufficient to corroborate the trooper's suspicion that he smelled marijuana, which provided the necessary probable cause for the warrantless search. *See Spurgeon,* 904 P.2d at 229 (stating "[t]aken together," "marijuana fragments, rolling papers, and Visine in the passenger compartment . . . suggested marijuana use").

■■■ A warrantless automobile search is not justified by probable cause alone, but must also be premised upon exigent circumstances. *See State v. Anderson,* 910 P.2d 1229, 1236 (Utah 1996). Defendant claims that "the search was . . . invalid because no exigent circumstances existed to justify the search." "[E]xigent circumstances exist when the car is movable, the occupants are

---

**3.** Although Trooper Swain testified during cross examination that there was marijuana residue in the pipe, we note that assertion was never empirically established.

alerted, and the car's contents may never be found again if a warrant must be obtained." *Anderson,* 910 P.2d at 1237 (citations and quotation marks omitted). When Trooper Swain stopped the defendant, defendant's vehicle was movable, defendant was "alerted to the police presence," and if Trooper Swain had left to procure a warrant, defendant may well have disposed of the contraband. *Id.* Additionally, it is uncontroverted that Trooper Swain "could not avail [himself] of the telephonic warrant procedure because, as the trial court found, the [trooper] lacked telephone access to a magistrate."[4] *Id.* Thus, defendant's argument that no exigent circumstances were present fails.

## CONCLUSION

Probable cause to support a search of an area based solely on an officer's subjective belief that he or she smelled marijuana exists only when the search of that area yields some type of corroborating evidence of marijuana or its use. Because Trooper Swain found several items of contraband consistent with marijuana use, the warrantless search was supported by sufficient probable cause. Exigent circumstances were also present. Consequently, the trial court's denial of defendant's motion to suppress the evidence is affirmed.

GREENWOOD, J., concurs.

ORME, Judge (concurring):

I fully concur in the court's opinion, but feel constrained to address a point which, if taken out of context, might suggest we hold police officers in lower esteem than we do

dogs. After all, following the Tenth Circuit's lead, we say we will require corroboration of trained officers' claims that they smelled marijuana but not corroboration of trained dogs' "claims" that they did.

Of course, we intend no such implication. The simple fact of the matter is that a dog's sense of smell is "at least 100 times better than man's."[1] *The Complete Book of the Dog* 26 (Amanda O'Neill, ed.1989). In addition, police officers, like human beings generally, are more complicated organisms than are dogs. Totally aside from the remote possibility that an officer would deliberately fabricate, claiming he had smelled marijuana knowing he had not, an officer might subjectively sense that he smells marijuana without objectively realizing that his conclusion, however honest, is more a product of hope, conjecture, exaggeration, self-suggestion, or imagination than of a keen olfactory sense.[2] Human memory is imperfect as well. Months later we might quite honestly testify that we said: "I smell marijuana," when what we really said was "I smell smoke," while merely thinking to ourselves that it just could be marijuana.

A properly trained dog will indicate he smells marijuana only because he in fact does. His responses are reliable because they are strictly a product of his conditioning and exquisite sense of smell, uninfluenced by emotion or circumstance. An officer will indicate he smells marijuana because he actually does; or because he thinks he might; or because he thinks he smells something that could be; or as a rhetorical device.

4. The search here took place on Thanksgiving morning.

1. "In recent years, 'sniffer dogs' have been widely used by the police and the army to smell out substances such as explosives and illegal drugs, and have proved much better at finding these things than any machine." *The Complete Book of the Dog* 27 (Amanda O'Neill, ed.1989).

2. Ebenezer Scrooge aptly commented on the limitations of human senses. When the ghost of Jacob Marley, perceiving that Scrooge did not

believe in his existence, asked, "Why do you doubt your senses?," Scrooge answered: "Because ... a little thing affects them. A slight disorder of the stomach makes them cheats. You may be an undigested bit of beef, a blot of mustard, a crumb of cheese, a fragment of an underdone potato.... I have but to swallow this [toothpick], and be for the rest of my days persecuted by a legion of goblins, all of my own creation." Charles Dickens, *A Christmas Carol,* in *A Christmas Carol and The Cricket on the Hearth* 3, 19–20 (J.M. Dent & Sons Ltd.1963) (1843).

Thus, the requirement of corroboration is not a function of distrust of police officers. It is simply necessary as a check on human imperfection, entirely proper given our species' marginal sense of smell and the subjectivity of our assessments based on our use of that sense.