**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**JAN 8 2004**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

MICHAEL NAJERA, also known as
Angel Herrera, also known as Michael
Majera, also known as Angel Majera,

　　Defendant - Appellant.

No. 03-4038
(D.C. No. 2:01-CR-375-TS)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **McKAY** and **O'BRIEN**, Circuit Judges.

　　Appellant's arrest arose from an incident on June 3, 2001, in which his ex-girlfriend called the West Valley City Police Department to report a domestic violence situation. The facts are set forth and discussed in full in the district court's Order Denying Defendant's Motion to Suppress Evidence of October 10, 2002, and need not be recited at length in this opinion. Rec., Vol. I, Doc. 74.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant and his ex-girlfriend had gotten into a verbal dispute earlier in the day, and Appellant had made several threats to his ex-girlfriend and her brother before leaving her apartment. Several police officers arrived at the ex-girlfriend's apartment, and Appellant was arrested after he attempted to flee. After Appellant's arrest, the ex-girlfriend told the officers that Appellant had screamed and yelled at her and threatened her, grabbed knives, and said he would take down any police officer called to the scene. The district court found that, at some point in her conversation with the officers, the ex-girlfriend told the officers that she had recently reported her firearm stolen, provided proof of ownership, and advised the officers that she suspected that Appellant had taken the firearm. She also informed the officers that she believed that the firearm was in Appellant's vehicle because he was living out of his vehicle at the time.

The ex-girlfriend identified Appellant's vehicle in the parking lot and provided the officers with a set of keys. The district court stated that the testimony was unclear about whether the vehicle was locked and whether a window was down. The court then found that an officer opened the passenger door and saw a live bullet in the passenger seat and a marijuana pipe with residue in plain view in the vehicle's center console. The officer then noticed the firearm's handle directly behind the driver's seat and confirmed that the firearm matched the one stolen from the ex-girlfriend's residence.

On June 20, 2001, Appellant was charged in a three-count indictment with (I) possession of a firearm by a convicted felon, (II) possession of a firearm by a person with a misdemeanor domestic violence conviction, and (III) possession of a stolen firearm. Appellant moved to suppress the warrantless search which revealed the gun. The district court held evidentiary hearings on January 4, 2002, and January 10, 2002. It held a third evidentiary hearing on May 1, 2002, allowing the Government to present testimony from a police officer who had failed to appear at the two previous hearings, overturning its previous ruling that the officer would not be allowed to testify. The district court heard oral argument regarding the Motion to Suppress on August 15, 2002, and issued an order denying the Motion on October 10, 2002.

On November 14, 2002, Appellant entered a conditional plea of guilty, reserving his right to appeal his sentence and the denial of the motion to suppress. Appellant was sentenced to twenty-four months in prison and thirty-six months of supervised release. Rec., Vol. I, Doc. 84.

On appeal, we are asked to address whether the district court violated the Speedy Trial Act in issuing a continuance for an officer to testify after he failed to appear twice. We are also asked to decide whether the district court erred in denying Appellant's motion to suppress evidence discovered during the warrantless search of Appellant's vehicle.

-3-

Appellant first argues that the district court violated his Speedy Trial Act rights by granting the Government a second continuance to present a witness for the evidentiary portion of Appellant's Motion to Suppress. The Speedy Trial Act, 18 U.S.C. § 3161, requires that a defendant who pleads not guilty must be brought to trial within seventy days of the filing of the indictment or from the date the defendant appeared before the judge, whichever is last.

We need not address whether the district court violated the Speedy Trial Act in this case because, by pleading guilty, Appellant waived his right to invoke the Speedy Trial Act on appeal. See United States v. Gines, 964 F.2d 972, 977 (10th Cir. 1992) (Speedy Trial Act is not jurisdictional in nature and can be waived by pleading guilty). Appellant's conditional plea agreement reserved his right to appeal the sentence imposed by the district court and the district court's denial of his motion to suppress. See id. (claim may be preserved by a conditional plea agreement pursuant to Fed. R. Crim. P. 11(a)(2)). However, it did not reserve Appellant's right to advance any argument under the Speedy Trial Act.

Appellant argues that the language in the conditional plea agreement reserving his right to appeal "all issues contained in his suppression motion" implicitly reserved his right to appeal the alleged Speedy Trial Act violation. We disagree. The Motion to Suppress was filed on July 31, 2001, before any alleged

Speedy Trial Act violation occurred. The language, "all issues contained in his suppression motion," is not inclusive enough to reserve an issue not specifically raised in the suppression motion. Because Appellant's conditional plea agreement reserved the right to appeal his sentence and the denial of his motion to suppress but did not specifically reserve his right to advance any argument under the Speedy Trial Act, this issue is deemed waived.

Appellant next argues that the district court erred in denying his motion to suppress the warrantless search of his vehicle. In reviewing the denial of a motion to suppress evidence, we consider the totality of the circumstances and view the evidence in a light most favorable to the Government. United States v. Higgins, 282 F.3d 1261, 1269 (10th Cir. 2002). We review for clear error findings of fact and *de novo* the ultimate determination of reasonableness under the Fourth Amendment. Id.

Appellant's argument that the district court did not apply the correct legal standard in determining probable cause by failing to analyze the probability that the vehicle contained evidence or contraband centers on the court's statement at the end of its Opinion that "there existed exigent circumstances sufficient to establish probable cause." Rec., Vol. I, Doc. 74, at 6. While we agree with Appellant that this statement is somewhat confusing since the officers' probable cause did not stem from exigent circumstances, the court did not indicate that

probable cause existed *because of* the exigency, as asserted by Appellant. It is necessary to look at the entire Order to determine whether the district court stated and applied the correct legal standard in determining that the officers had probable cause to conduct the search.

We agree with Appellee that the district court applied the appropriate legal standard in its Order denying the motion to suppress and correctly concluded that the officers had probable cause to search Appellant's vehicle. First, the district court set forth the appropriate legal standard at the beginning of its Order, stating:

> Probable cause to search a vehicle is established if, under the "totality of the circumstances" there is a "fair probability" that the car contains contraband or evidence. United States v. Nielsen, 9 F.3d 1487, 1490 (10th Cir. 1990), citing Illinois v. Gates, 462 U.S. 213, 238 (1983). Further, "the probable cause determination must be based on objective facts that could justify the issuance of a warrant by a magistrate and not merely on the subjective good faith of the police officers." United States v. Ross, 456 U.S. 798, 808 (1982).

Id. at 4. The court then stated that, "[g]iven the circumstances and facts known to the officers at the time, it was reasonable for them to believe that an offense had been or would be committed, and to conduct a lawful search." Id. at 5. The court found that, prior to the search, Appellant had engaged in irrational and threatening behavior toward his ex-girlfriend and others, had likely stolen his ex-girlfriend's gun, and had likely stored the gun in his vehicle which was parked outside the ex-girlfriend's residence.

The court then detailed the credibility issues in this case and explicitly

made a credibility determination to resolve the issue. Pointing to the ex-girlfriend's romantic history with Appellant, the fact that they share a child together, and the fact that they are now reconciled with each other, the district court found that the ex-girlfriend "ha[d] a reason to protect the Defendant, and this color[ed] her testimony." Id. at 6. The court found that, "after observation of the witnesses and consideration of the context and motivation of their testimony, . . . the testimony of the law enforcement officers is more believable than that of [the ex-girlfriend] on this issue." Id. at 5. Appellant argues that this conclusion is clearly erroneous because there were numerous inconsistencies and omissions in the officers' testimony and reports.

The district court's decision to credit the officers' testimony over that of Appellant's ex-girlfriend is not clear error. The findings were based on credible testimony – much of which was undisputed – indicating that the officers had sufficient reason to believe that Appellant's vehicle contained contraband. The officers testified that prior to the search they learned that Appellant (1) had engaged in irrational and threatening behavior toward his ex-girlfriend and others, (2) had stolen his ex-girlfriend's gun, and (3) had likely stored the gun in his car. Any inconsistencies in the officers' testimony were relatively minor. Additionally, the ex-girlfriend's testimony, while it differed in some respects, was consistent with the most crucial aspects of the officers' testimony.

Therefore, we hold that the Order applies the law to the facts correctly and the statement regarding "exigent circumstances" does not undermine the district court's overall correct analysis. Appellant did not establish that the district court's findings of fact or the court's credibility determinations were clearly erroneous. Based on the officers' testimony, we agree with the district court that the officers had probable cause to conduct the search.

AFFIRMED.

Entered for the Court


Monroe G. McKay
Circuit Judge