[Cite as *State v. Bonham*, 2012-Ohio-3982.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | Case No. 12 CAA 01 002 |
| SIDNEY L. BONHAM | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Delaware County Court of
Common Pleas, Case No. 10 CR I 10 0560

JUDGMENT:     AFFIRMED

DATE OF JUDGMENT ENTRY:     August 28, 2012

APPEARANCES:

For Appellant:                              For Appellee:

TODD A. LONG                          CAROL HAMILTON O'BRIEN
5354 N. High St.                        DELAWARE COUNTY PROSECUTOR
Columbus, OH 43214

                                                DOUGLAS DUMOLT
                                                140 N. Sandusky St., 3rd Floor
                                                Delaware, OH 43015

*Delaney, P.J.*

{¶1} Defendant-Appellant Sidney L. Bonham appeals the June 30, 2011 judgment entry of the Delaware County Court of Common Pleas denying his Motion to Suppress. Plaintiff-Appellee is the State of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} On October 22, 2010, Bonham was indicted by the Delaware County Grand Jury with one count of Trafficking in Marijuana, in violation of R.C. 2925.03(A)(2), a felony of the third degree, and one count of Possession of Marijuana, in violation of R.C. 2925.11(A), a felony of the third degree.

{¶3} Bonham filed a Motion to Suppress on May 13, 2011. The trial court held an evidentiary hearing on the motion. The following facts were adduced at the hearing.

{¶4} Delaware County Deputy Sheriff Derek Beggs has been employed as a police officer for seven years. Deputy Beggs is trained in the detection of raw and burnt marijuana and has been involved in over one-hundred traffic stops where he determined the presence of narcotics by smell.

{¶5} On May 13, 2010, Deputy Beggs was travelling northbound on Interstate 71 near milepost 133. At approximately 5:56 p.m., Deputy Beggs observed a red Hyundai Elantra travelling northbound on I-71 commit a marked lane violation. Deputy Beggs then initiated a traffic stop of the vehicle.

{¶6} The red Hyundai Elantra pulled over. The driver of the vehicle was Sidney Bonham. The passenger in the vehicle was Brendan Bonham, Sidney's brother. Deputy Beggs approached the passenger side of the vehicle. When the passenger window was rolled down, Deputy Beggs detected an odor of marijuana

coming out of the passenger compartment of the vehicle. The officer did not specify whether the odor was burnt or raw marijuana. Due to the odor, Deputy Beggs collected the driver's licenses of both men. The officer returned to his vehicle to check the records of the men and found no outstanding warrants and that the men had valid driver's licenses. The vehicle was determined to be owned by Felicia Montaro, the mother of Sidney Bonham's child. Sidney Bonham was driving the vehicle with her permission.

{¶7} Deputy Beggs asked Sidney Bonham to step to the rear of the vehicle so the officer could speak with him. Deputy Beggs advised Bonham that he detected the odor of marijuana coming from the passenger compartment of the vehicle and based on that odor, he was going to conduct a vehicle search. Bonham responded that he did not know why there would be an odor of marijuana within the vehicle. Bonham was patted down and placed in the rear of the police cruiser.

{¶8} Deputy Beggs asked Brendan Bonham to exit the vehicle. The officer advised Brendan of the same information. Brendan denied using marijuana because he was a college basketball player and stated he did not know why there would be a smell of marijuana in the vehicle. Brendan was also placed in the rear of the cruiser.

{¶9} Deputy Beggs conducted a vehicle search of the passenger compartment. On the driver's and passenger's floorboard of the vehicle, Deputy Beggs located an amount of marijuana "shake." He also observed marijuana "shake" on the hand rest of the driver's armrest of the driver's door and driver's door handle. Deputy Beggs began a search of the back seat of the vehicle. As he was searching

the back seat of the vehicle, he detected a stronger odor of raw marijuana coming from and around the back seat itself.

{¶10} Deputy Beggs opened the trunk of the vehicle. He observed a white body pillow pushed up against the back seat that appeared to be covering something. The officer removed the body pillow and found a closed black nylon duffle bag. The officer opened the nylon duffle bag and found fifteen, one-gallon sealed plastic bags containing a green leafy substance. The green leafy substance was determined to be marijuana.

{¶11} After the discovery of the fifteen bags of marijuana, Deputy Beggs arrested Sidney and Brendan Bonham.

{¶12} Tony Corroto testified at the suppression hearing as an expert witness for the defense. He was a former seventeen-year police officer who testified as an expert witness in the field of police procedures and identification of drugs, including marijuana. Corroto testified it was his expert opinion that a person could not smell the odor of raw marijuana in plastic bags from inside or outside of the vehicle.

{¶13} On June 30, 2011, the trial court issued its judgment entry denying Sidney Bonham's motion to suppress.

{¶14} The matter proceeded to trial before a jury. At the conclusion of the trial, the jury found Sidney Bonham guilty as to both counts. The offenses were allied offenses and the State elected to sentence under Trafficking in Marijuana. The trial court sentenced Bonham on December 2, 2011 to two years in prison. The trial court granted Bonham's motion to stay execution of sentence and granted him bond pending appeal.

**ASSIGNMENTS OF ERROR**

{¶15} Bonham raises two Assignments of Error:

{¶16} "I. THE TRIAL COURT'S CONCLUSION, THAT RAW MARIJUANA SHAKE WAS FOUND IN THE INTERIOR OF BONHAM'S VEHICLE, IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶17} "II. ASSUMING, *ARGUENDO*, THAT THERE WAS MARIJUANA SHAKE IN THE PASSENGER ARE OF THE CAR, BEGGS STILL LACKED PROBABLE CAUSE TO SEARCH THE TRUNK."

**ANALYSIS**

*I., II.*

{¶18} We analyze Bonham's two Assignments of Error together because they both involve analysis of the trial court's determination of the motion to suppress.

*STANDARD OF REVIEW*

{¶19} Appellate review of a trial court's decision to deny a motion to suppress involves a mixed question of law and fact. *State v. Long*, 127 Ohio App.3d 328 (4th Dist. 1998). During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. *State v. Brooks*, 75 Ohio St.3d 148, 661 N.E.2d 1030 (1996). A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Metcalf*, 111 Ohio App.3d 142 (4th Dist. 1996). Accepting these facts as true, the appellate court must independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial

court's decision meets the applicable legal standard. *State v. Williams*, 86 Ohio App.3d 37 (4th Dist.1993), overruled on other grounds.

{¶20} There are three methods of challenging a trial court's ruling on a motion to suppress on appeal. First, an appellant may challenge the trial court's finding of fact. In reviewing a challenge of this nature, an appellate court must determine whether the trial court's findings of fact are against the manifest weight of the evidence. *See State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); and *State v. Klein*, 73 Ohio App.3d 486 (4th Dist. 1991). Second, an appellant may argue that the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *See State v. Williams*, 86 Ohio App.3d 37 (4th Dist. 1993), overruled on other grounds. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issues raised in a motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *See State v. Claytor*, 85 Ohio App.3d 623 (4th Dist. 1993).

## *MANIFEST WEIGHT OF THE EVIDENCE*

{¶21} Bonham argues in his first Assignment of Error that the trial court's finding there was marijuana shake in the vehicle was against the manifest weight of the evidence.

{¶22} Deputy Beggs testified he smelled the odor of marijuana coming from the vehicle when the passenger window was rolled down upon his approach. Upon his search of the passenger compartment of the vehicle, Deputy Beggs testified he

observed marijuana shake on the floorboards, in the driver's armrest, and driver's door handle of the vehicle. Bonham argues there is no further evidence, such as photographs of the alleged marijuana shake or a sample of the alleged marijuana shake, to support the trial court's finding of fact there was marijuana shake in the passenger compartment of the vehicle.

{¶23} As stated above, the trial court is the trier of fact in a suppression hearing. The trial court is in the best position to resolve questions of fact and determine the witness's credibility. The police officer in this case is trained in narcotics detection and is familiar with the appearance and characteristics of marijuana. Upon this record, we find there was competent credible evidence to support the trial court's finding there was marijuana shake in the passenger compartment of the vehicle.

*WARRANTLESS SEARCH OF THE TRUNK*

{¶24} Bonham argues in his second Assignment of Error assuming arguendo Deputy Beggs observed marijuana shake in the passenger compartment of the vehicle, this did not give Deputy Beggs probable cause for a warrantless search of the trunk of the vehicle.

{¶25} "For a search or seizure to be reasonable under the Fourth Amendment, it must be based on probable cause and executed pursuant to a warrant." *State v. Moore*, 90 Ohio St.3d 47, 49, 734 N.E.2d 804 (2000). The Fourth Amendment to the United States Constitution prohibits warrantless searches and seizures, rendering them per se unreasonable unless an exception applies. *Katz v. United States*, 389 U.S. 347, 457, 88 S.Ct. 507 (1967). The United States Supreme Court recognizes an "automobile exception" to the Fourth Amendment's requirement that police officers must generally obtain a warrant before conducting a search. *State v. Ivery*, 11th Dist. 2011-L-081, 2012-Ohio-1270, ¶23 citing *California v. Carney*, 471 U.S. 386, 390 S.Ct. 2066 (1985). Under the automobile exception, there is no need to demonstrate that a "separate exigency" exists to justify the search. *Id.* citing *Maryland v. Dyson*, 527 U.S. 465, 466, 119 S.Ct. 2013 (1999). "If a car is readily mobile and probable cause exists to believe that it contains contraband, the Fourth Amendment thus permits police to search the vehicle without more." *Id.* quoting *Pennsylvania v. Labron*, 518 U.S. 938, 940, 116 S.Ct. 2485 (1996).

{¶26} In *State v. Moore*, 90 Ohio St.3d 47, 51, 734 N.E.2d 804 (2000), the Ohio Supreme Court determined "* * * a law enforcement officer, who is trained and experienced in the detection of marijuana, should not be prohibited from relying on his

or her sense of smell to justify probable cause to conduct a search for marijuana." "Once a law enforcement officer has probable cause to believe that a vehicle contains contraband, he or she may search a validly stopped motor vehicle based upon the well-established automobile exception to the warrant requirement." *Id.*

{¶27} Bonham states the Ohio Supreme Court has limited a police officer's authority to conduct a warrantless search of a motor vehicle under the automobile exception. Specifically, in *State v. Farris*, 109 Ohio St.3d 519, 2006-Ohio-3255, 849 N.E.2d 985, the court held that a police officer does not have the authority to search the trunk of a vehicle based solely on the smell of burnt marijuana emanating from the passenger compartment of a vehicle following a traffic stop.

{¶28} Our brethren in the Sixth District Court of Appeals analyzed the holding of *Farris* in *State v. Gonzales*, 6th Dist. WD-07-060, 2009-Ohio-168. The court stated that *Farris* did not create a "trunk exception." *Id.* at ¶23. The court explained:

> *Farris* depended on *United States v. Nielsen* (C.A.10, 1993), 9 F.3d 1487, for the proposition that the "odor of burnt marijuana in the passenger compartment of a vehicle does not, standing alone, establish probable cause for a warrantless search of the trunk of a vehicle." *Farris,* 2006-Ohio-3255, ¶ 52, 109 Ohio St.3d 519, 849 N.E.2d 985. This proposition is established by the common sense observation that an odor of burning marijuana would not create an inference that burning marijuana was located in a *trunk. Nielsen* explicitly limited the scope of a search to the passenger compartment because that was the place from which the officer smelled burnt marijuana. Because a warrantless

search of an automobile "is defined by the object of the search and the places in which there is probable cause to believe that it may be found," the smell of burnt marijuana does not provide probable cause to search a trunk. *Nielsen,* 9 F.3d at 1491, quoting *United States v. Ross,* 456 U.S. at 824.

{¶29} In *Farris*, the facts of the case gave the police officer no justification to search the vehicle beyond the passenger compartment. In this present case, we find the facts to be distinguishable from *Farris*. Deputy Beggs is a trained law enforcement officer with seven years of experience in conducting traffic stops involving narcotics. Upon approaching the vehicle, Deputy Beggs testified he smelled the odor of marijuana emanating from the vehicle when the passenger window was rolled down. Deputy Beggs searched the passenger compartment of the vehicle and observed marijuana shake in the vehicle. When Deputy Beggs searched the back seat of the vehicle, he testified he smelled the odor of raw marijuana coming from and around the back seat of the vehicle. Deputy Beggs then searched the trunk of the vehicle and found fifteen plastics bags filled with marijuana.

{¶30} The expert witness in this case testified it was his opinion that a police officer could not smell raw marijuana when it was sealed in plastic bags. The expert witness, however, could not speculate as to how and when the plastic bags of marijuana came to be placed in the vehicle. Upon cross examination, he testified that if the raw marijuana had been placed in the plastic bags while in the trunk, it could have left an odor of raw marijuana in the car.

{¶31} As to factual issues, it is to the trier of fact to resolve factual disputes and determine the credibility of the witnesses. In this case, the trial court determined the police officer had sufficient probable cause to search the trunk of the vehicle. The odor of marijuana from the vehicle, the presence of the marijuana shake in the passenger compartment, and the smell of raw marijuana emanating from the back seat of the vehicle gave Deputy Beggs probable cause to believe the vehicle contained contraband and therefore entitled him to search the entire vehicle. *See State v. Greenwood*, 2nd Dist. No. 19820, 2004-Ohio-2737, ¶11.

{¶32} We agree there was competent credible evidence for the trial court to determine Deputy Beggs had sufficient probable cause to search the trunk of the vehicle.

**CONCLUSION**

{¶33} Based on the foregoing, we overrule Bonham's two Assignments of Error.

{¶34} The judgment of the Delaware County Court of Common Pleas is affirmed.

By: Delaney, P.J.

Gwin, J. and

Wise, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

PAD:kgb

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| | : | |
| STATE OF OHIO | : | |
| | : | |
| Plaintiff - Appellee | : | JUDGMENT ENTRY |
| | : | |
| | : | |
| -vs- | : | |
| | : | Case No.   12 CAA 01 002 |

SIDNEY L. BONHAM                   :

                                        :

    Defendant - Appellant          :

                                        :

For the reasons stated in our accompanying Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed.  Costs assessed to Appellant.

 

 

_____
HON. PATRICIA A. DELANEY

 

 

_____
HON. W. SCOTT GWIN

 

 

_____
HON. JOHN W. WISE